986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melody RAMSEY, Plaintiff-Appellant,
v.
OFFICE OF the STATE ENGINEER, DEPARTMENT OF NATURAL
RESOURCES, STATE OF COLORADO, Defendant-Appellee.
 No. 91-1258.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1993.
 
 Before LOGAN and JOHN P. MOORE, Circuit Judges, and BELOT,* District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Melody Ramsey appeals from the district court's dismissal of her sex discrimination claims against her former employer, defendant Office of the State Engineer. Mrs. Ramsey previously attempted to appeal the district court's order dismissing, after trial, her claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. That order was an interlocutory order that the district court declined to certify for appeal pursuant to Fed.R.Civ.P. 54(b), and we therefore dismissed the appeal for lack of jurisdiction. Ramsey v. Office of the State Eng'r, No. 90-1295 (10th Cir. Apr. 18, 1991) (Order and Judgment). The district court subsequently entered its final order, and Mrs. Ramsey timely filed a notice of appeal. We now have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Mrs. Ramsey is a degreed engineer who was hired by defendant as an engineer in November 1984. Throughout her tenure as defendant's employee, she was evaluated to have competent technical skills but to be below standard on interpersonal skills. In June 1987, while working in defendant's Denver office, she claimed a coworker assaulted her. After investigations by the Denver police and state engineer Jeris Danielson failed to substantiate Mrs. Ramsey's claim of an assault, Dr. Danielson terminated Mrs. Ramsey's employment.
 
 
 4
 Mrs. Ramsey then filed this action against defendant. She alleged that defendant sexually harassed her and retaliated against her for filing complaints with the Equal Employment Opportunity Commission on the basis of sex, both in violation of Title VII. She also alleged that defendant violated the Equal Pay Act, 29 U.S.C. § 206(d), on the basis of sex.
 
 
 5
 The district court bifurcated her Title VII and Equal Pay Act claims, and first tried her Title VII claim to the court. Applying the test set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), the district court found that Mrs. Ramsey made out a prima facie case of sexual harassment but not of retaliation because she could not show any significant relationship between her EEOC complaints and adverse decisions made by defendant following these complaints. The court determined that defendant met its burden of showing that it discharged Mrs. Ramsey for legitimate, nondiscriminatory reasons: her below-standard interpersonal skills and inability to cooperate with supervisors and fellow workers. The court then concluded that Mrs. Ramsey failed to overcome defendant's evidence showing that its reasons for terminating her were not merely a pretext, and that she failed to show the true reason for her termination was sexual discrimination. The court therefore dismissed her Title VII claim.
 
 
 6
 That left Mrs. Ramsey's Equal Pay Act claim, which, after her counsel's withdrawal, she has attempted to handle pro se. In May 1991, defendant moved for the sanction of dismissal on this claim because of Mrs. Ramsey's failure to comply with discovery orders. She did not respond to this motion. The district court then issued an order requiring her to show that she was making a good faith effort to comply with discovery orders and stating that her failure to respond would result in dismissal of her claim. When Mrs. Ramsey failed to respond as ordered, the court dismissed her Equal Pay Act claim with prejudice.
 
 
 7
 On appeal, Mrs. Ramsey argues that the district court erroneously found that defendant terminated her for legitimate, nondiscriminatory reasons and that these reasons were not a pretext for sexual discrimination. A district court's conclusion that there was or was not intentional discrimination is a factual finding that we review under the clearly erroneous standard. Ortega v. Safeway Stores, Inc., 943 F.2d 1230, 1237 (10th Cir.1991). After considering Mrs. Ramsey's arguments and reviewing the record, we conclude that the district court's factual findings were not clearly erroneous and that the court did not err in dismissing her Title VII claim. Therefore, for substantially the same reasons as stated in the district court's August 8, 1990, order, we affirm the district court's dismissal of her Title VII claim.
 
 
 8
 Mrs. Ramsey also argues that dismissal of her Equal Pay Act claim for discovery violations was improper. We review a dismissal order for discovery violations for abuse of discretion, Willner v. University of Kansas, 848 F.2d 1023, 1030 (10th Cir.1988), cert. denied, 488 U.S. 1031 (1989), and we conclude that the district court did not abuse its discretion here. Therefore, for substantially the same reasons as stated in the district court's June 19, 1991, order, we affirm the dismissal of Mrs. Ramsey's Equal Pay Act claim.
 
 
 9
 We have considered Mrs. Ramsey's other arguments and claims of error and conclude they are without merit. Therefore, the judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3