76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara DAVIS-BATISTE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-1001.
 United States Court of Appeals, Tenth Circuit.
 Jan. 23, 1996.
 
 1
 Before HENRY, Circuit Judge, McKAY, Senior Circuit Judge, and JENKINS, Senior District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 JENKINS, Senior District Judge.
 
 
 4
 The plaintiff, Barbara Davis-Batiste, worked for the United States Air Force Academy in Colorado Springs, Colorado. She was injured when she slipped and fell on a sidewalk on her way to work. She brought this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. Following a bench trial, the court ruled that the United States was not negligent and therefore not liable for the plaintiff's injuries. We affirm.
 
 
 5
 We recite the facts as they appear in the record on appeal.[1]
 
 
 6
 There was a freezing drizzle in Colorado Springs on the morning of March 23, 1990. The plaintiff, an accounting technician at the Air Force Academy, was due at work at 7:30 a.m. but was about an hour late because of the weather conditions. She parked her car, got out, and walked across a roadway onto a sidewalk leading to the building where she worked. The sidewalk looked wet, and there was frozen ice or snow on the grass next to the sidewalk. The plaintiff had only gone a few feet on the sidewalk when she slipped and fell, landing mainly on her right side. At the time of the accident, the Academy had not sanded or salted the sidewalk or done anything else to abate or warn of the dangerous condition of the sidewalk.
 
 
 7
 The plaintiff sued the United States under the FTCA, which makes the United States liable generally "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.[2] The case was tried to the bench. The district court rejected the notion that the United States was necessarily negligent simply because it had not taken any protective measures at the time of the accident. The court noted that the weather conditions were "generalized" and that the wet sidewalk presented "an open and obvious danger." The freezing drizzle was continuing and the weather still developing when the plaintiff fell. The court believed that, under such conditions, "there isn't really very much that can be done to protect people who are walking." The court concluded that the plaintiff had failed to prove that the United States was negligent.
 
 
 8
 FTCA claims are governed by the law of the place where the alleged tort occurred. See 28 U.S.C. § 1346(b); Franklin v. United States, 992 F.2d 1492, 1495 (10th Cir.1993). The plaintiff devotes much of her argument to the applicable standard of care for a landowner under Colorado law.[3] We need not resolve that issue, however, because, whether the United States was subject to a common-law or statutory standard and whether the plaintiff was a licensee or an invitee, the plaintiff still had to show that the United States was negligent in some respect, that is, that the United States failed to exercise reasonable care under the circumstances. See Colo.Rev.Stat.Ann. § 13-21-115(3) (1987 & Supp.1995) (a landowner can be liable for failure to exercise reasonable care); Mile High Fence, 489 P.2d at 314 ("the possessor of land is liable to a person whether licensee or invitee or even trespasser for his negligence") (underlining added); Ward v. Aero-Spray, Inc., 458 P.2d 744, 745 (Colo.1969) ("in the absence of negligence, there is no liability"); Anderson v. Dunton Management Co., 865 P.2d 887, 889 (Colo.Ct.App.) (the "relevant inquiry is whether the landowner ... acted as a reasonable person in view of the probability or foreseeability of injuries to others") (citation omitted), cert. denied (Colo.1993). See also Hartzell v. United States, 539 F.2d 65, 69, 70 (10th Cir.1976) (as a landowner, the United States is not the insurer or guardian of the safety of everyone that comes on its property). The district court concluded that the plaintiff had not met her burden of proving that the United States was negligent. We can only reverse if that finding is clearly erroneous. See Fed.R.Civ.P. 52(a); Colorado Flying Academy, Inc. v. United States, 724 F.2d 871, 879 (10th Cir.1984), cert. denied, 476 U.S. 1182 (1986); Hartzell, 539 F.2d at 69.[4]
 
 
 9
 The plaintiff argues that the trial court clearly erred in finding that the United States was not negligent because, as a matter of law, it was negligent not to take any action whatsoever in the face of a known dangerous condition--"freezing rain, drizzle and fog."
 
 
 10
 What action a reasonable property owner would take in the face of a known condition depends on the facts and circumstances of the particular case. See, e.g., Ward, 458 P.2d at 745. For that reason, whether or not a defendant is negligent is ordinarily a question of fact. Anderson, 865 P.2d at 889. It becomes a question of law "only in the clearest of cases," where reasonable persons could draw only one conclusion from the undisputed facts. Metropolitan Gas Repair Serv., Inc. v. Kulik, 621 P.2d 313, 318 (Colo.1980). Even where a defendant has admittedly done nothing to alter the natural conditions caused by the weather, the Colorado Supreme Court has held that, whether or not the defendant was negligent, was a question of fact for the jury to decide, under all the circumstances of the case. See King Soopers, Inc. v. Mitchell, 342 P.2d 1006, 1008-10 (Colo.1959).
 
 
 11
 Before we can say that the district court erred--either as a matter of law or as a matter of fact--in finding the United States not negligent, we must be able to determine the facts of the case with some degree of confidence. It may not have been unreasonable for the United States to take no action in this case, if, for example, at the time of the plaintiff's accident, the freezing drizzle had not made the sidewalk unduly slippery. Such might be the case if the freezing drizzle melted when it hit the walkways, causing snow and ice to accumulate on the grass but not on the sidewalk.[5] In that case, notice of a freezing drizzle alone may not have been enough to put the United States on actual or constructive notice that the sidewalk posed an unreasonable risk of harm to pedestrians and thus make the United States negligent for failing to sweep, sand or salt the sidewalk.[6]
 
 
 12
 Unfortunately, we do not know what evidence was before the district court because the plaintiff has failed to include in the record on appeal the complete trial transcript.[7] The plaintiff, as the party claiming error, has the "responsibility to order and provide all portions of the transcript necessary to give the court of appeals a complete and accurate record of the proceedings insofar as such proceedings relate to the issues raised on appeal, and when sufficiency of the evidence is raised, the entire trial transcript ordinarily should be provided." 10th Cir.R. 10.1.1. See also Fed.R.App.P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion"); United States v. Vasquez, 985 F.2d 491, 495 (10th Cir.1993) ("The appellant is responsible for insuring that all materials on which he seeks to rely are part of the record on appeal"). Under this court's local rules, "it is counsel's responsibility to see that the record on appeal is sufficient for consideration and determination of the issues on appeal. The court is under no obligation to remedy any failure of counsel to fulfill that responsibility." 10th Cir.R. 10.3.
 
 
 13
 Because we cannot say what evidence was before the district court, we cannot say that the district court erred--either as a matter of law or as a matter of fact--in holding that the United States was not negligent. In the absence of a transcript, we will not review an issue, even for plain error. Vasquez, 985 F.2d at 495. "This rule is grounded in the impracticalities of attempting to conduct meaningful appellate review of fact-intensive issues in the absence of a trial transcript." United States v. Davis, 60 F.3d 1479, 1481 (10th Cir.1995).
 
 
 14
 As this case illustrates, failure to file the required transcript involves more than noncompliance with some useful but nonessential procedural admonition of primarily administrative focus. It raises an effective barrier to informed, substantive appellate review. Accordingly, this court has held on a number of occasions and in a variety of settings that the lack of a required transcript leaves us with no alternative but to affirm the affected ruling.
 
 
 15
 McGinnis v. Gustafson, 978 F.2d 1199, 1201 (10th Cir.1992) (citations omitted).
 
 
 16
 Without the record before us to substantiate the plaintiff's allegations of error, we must defer to the trial court's decision. Vasquez, 985 F.2d at 495 (quoting Moore v. Subaru of Am., 891 F.2d 1445, 1448 (10th Cir.1989)).[8] Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Bruce S. Jenkins, Senior District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The plaintiff sets out additional facts in her brief, but she has not provided us with a copy of the trial transcript relating to those facts, as required by Federal Rule of Appellate Procedure 10(b)(2) and rule 10.1.1 of our local rules. The plaintiff's failure to provide the complete transcript in the record on appeal precludes us from verifying her allegations and hampers our review of the evidence, as discussed more fully below. See United States v. Davis, 60 F.3d 1479, 1481 (10th Cir.1995) ("Without the transcript, we simply cannot substantiate the representations in the briefs")
 
 
 [2]
 Ordinarily, an incident of this kind, with resulting injuries, would be dealt with administratively, under the Federal Employees Compensation Act (FECA), 5 U.S.C. § 8101-51. The plaintiff apparently applied for benefits under the FECA but was denied compensation because she had not arrived at her work station at the time of the accident. That ruling is not before us, and we express no opinion on its correctness. Cf. United States v. Browning, 359 F.2d 937, 940 (10th Cir.1966) (whether or not an accident occurred on the employer's premises is just one factor to consider in deciding whether or not an injury is compensable under the FECA)
 
 
 [3]
 At common law, a landowner in Colorado had a duty to protect an invitee from known dangers or conditions that the landowner might have discovered in the exercise of reasonable care, but the landowner's duty towards a licensee was only to refrain from wilfully or wantonly injuring him. See Lakeview Assocs., Ltd. v. Maes, No. 94SC595, 1995 WL 700381, at * 1 (Colo. Nov. 28, 1995) (citations omitted). In 1971, the Colorado Supreme Court held that "the common-law status of a person entering the property of another no longer controlled the standard of care applicable to the conduct of landowners." Id. at * 2 (citing Mile High Fence Co. v. Radovich, 489 P.2d 308, 314 (1971)). In 1986, the Colorado General Assembly in effect overturned Mile High Fence and reinstated the common-law categories of invitee, licensee and trespasser when it enacted the landowner liability statute, Colo.Rev.Stat. § 13-21-115. Three years later, the Colorado Supreme Court struck down the statute as unconstitutional in Gallegos v. Phipps, 779 P.2d 856 (Colo.1989). The General Assembly responded by amending the 1986 act. Under the current statute, a landowner is liable to an invitee for his "unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known." Colo.Rev.Stat.Ann. § 13-21-115(3)(c) (West Supp.1995). By contrast, a landowner is liable to a licensee for an "unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew" or for an "unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew." Id. § 13-21-115(3)(b). The amended statute took effect on April 20, 1990, about a month after the accident in this case. Because the prior statute had been declared unconstitutional and the new statute had not yet taken effect at the time of her accident, the plaintiff argues (and the United States agrees) that this case is not governed by either statute but by the pre-statutory common law
 
 
 [4]
 The "clearly erroneous" standard of review applies not only to the trial court's "subsidiary" factual findings but also to its "ultimate" findings on such issues as the proximate cause of an accident, see Tinkler v. United States, 982 F.2d 1456, 1466 (10th Cir.1992), or, as in this case, the defendant's negligence
 
 
 [5]
 The only evidence we have in the record is the plaintiff's testimony that the grass was icy and snowy and looked slippery but that the sidewalk just looked wet
 
 
 [6]
 It would be helpful to know, for example, whether other pedestrians had slipped on the sidewalk before the plaintiff slipped. We do not mean to imply that a person must actually slip and fall before a property owner has a duty to take some action to prevent accidents. Cf. Anderson, 865 P.2d at 890 (the circumstances surrounding an injury, including the nature of the dangerous condition itself, may give rise to an inference that the landowner had constructive notice of the condition). But evidence regarding other reported accidents or near accidents would be one circumstance that could make the United States' failure to take preventive action more or less reasonable. See, e.g., id.; Hartzell, 539 F.2d at 67
 
 
 [7]
 The plaintiff included in her appendix only the trial court's oral ruling. The defendant included a portion of the plaintiff's testimony in its supplemental appendix, which we have summarized above
 
 
 [8]
 In affirming the district court's judgment, we do not necessarily approve of everything implied in the district court's statement of the reasons for its judgment. Specifically, we do not approve of any implication that a landowner is under no obligation to take preventive measures as long as weather conditions are still continuing, that there is nothing that can be done to protect pedestrians during a freezing drizzle and that the open and obvious condition of the sidewalk or any contributory negligence on the part of the plaintiff would completely bar her recovery. Cf. Colo.Rev.Stat.Ann. § 13-21-111 (West 1987) (the plaintiff's contributory negligence does not bar recovery if it was not as great as the defendant's negligence); id. § 13-21-111.7 (assumption of risk shall be considered in apportioning negligence); King Soopers, 342 P.2d at 1009-10 (obviousness or even knowledge of a danger may not be enough to excuse a landowner from warning of the danger under the circumstances); Brown v. Martin Marietta Corp., 690 P.2d 889, 892 (Colo.Ct.App.1984) (encountering a known and appreciated danger is not necessarily negligence as a matter of law; the standard to be applied is whether the plaintiff exercised the degree of care commensurate to the known danger)