**In re Adolph E. RAMBO and Denise Rambo, Debtors.**

**In re Lawrence A.G. JOHNSON, Appellant.**

**BAP No. WO–96–028.**
**Bankruptcy No. 96–10840.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

June 20, 1997.

Appeal from the United States Bankruptcy Court for the Western District of Oklahoma.

Lawrence A.G. Johnson, pro se.

Before McFEELEY, Chief Judge, PEARSON, and BOULDEN, Bankruptcy Judges.

## OPINION

PEARSON, Bankruptcy Judge.

Lawrence A.G. Johnson ("Johnson") appeals a $2,500 sanction order entered against him under FED.R.BANKR.P. 9011. Because Johnson has failed to provide the Court with an adequate record for reviewing the trial court's sanction, the Court affirms.

## JURISDICTION

At the outset, the Court must examine its jurisdiction to hear this appeal. The United States District Court for the Western District of Oklahoma dismissed a prior appeal of the sanction order as interlocutory. Johnson filed the appeal before the Court the same day the bankruptcy court dismissed the debtors' underlying Chapter 13 case—more than two months after the entry of the sanction order.

While the dismissal of the bankruptcy case would normally terminate any related proceedings, the Court concludes that Johnson may prosecute this appeal. 11 U.S.C. § 349; *In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1288 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 815, 133 L.Ed.2d 759 (1996) (citing *In re Morris,* 950 F.2d 1531, 1534 (11th Cir.1992)); *Carraher v. Morgan Electronics, Inc. (In re Carraher),* 971 F.2d 327, 328 (9th Cir.1992). The sanction order has no effect on the bankruptcy estate, the creditors, or the debtors' rights, since it stems from Johnson's behavior and

not the underlying case itself. Since the matter on appeal is not dependent on the existence of the underlying bankruptcy case, the trial court's dismissal of the debtors' Chapter 13 case does not affect the Court's jurisdiction to decide this appeal. *See Statistical Tabulating Corp.*, 60 F.3d at 1289 (citing *In re Income Property Builders, Inc.*, 699 F.2d 963 (9th Cir.1982)).

■ Likewise, the time between the entry of the sanction order and the filing of the notice of appeal raises the question of the timeliness of the appeal. The general rule is that interlocutory orders merge into the final judgment of the case, and an appeal can be had from these interlocutory orders by timely filing a notice of appeal from the entry of that final judgment. *E.g., Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1489 (10th Cir. 1995). The fact that Johnson tried unsuccessfully to obtain an interlocutory appeal does not bar him from appealing the same order after entry of a final decision. *See Ramsey v. Office of the State Engineer*, 1993 WL 53120, 986 F.2d 1428 (table) (10th Cir.), *cert. denied*, 510 U.S. 890, 114 S.Ct. 248, 126 L.Ed.2d 201 (1993) (without expressly considering issue, court noted that appellant's prior interlocutory appeal had been dismissed for lack of jurisdiction, but court had jurisdiction over appellant's present appeal from final order). The Court concludes that the dismissal of the underlying case rendered the sanction order final, and this appeal is timely.

## FACTS

While Johnson would cast this matter as some sort of Promethean struggle to bring to the trial court a rule of law allegedly in place in other Oklahoma districts, the reality is much more prosaic. The sole issue before the Court is the sanction assessed against Johnson.

The debtors in the underlying case had previously filed for relief under the Bankruptcy Code. Johnson represented the creditor, Jim Walter Homes ("JWH"), which held a mortgage on the debtors' homestead. JWH had obtained relief from the automatic

stay in the prior case and taken the state court foreclosure process through judgment and the sheriff's sale. The debtors filed this Chapter 13 case before the state court confirmed the sheriff's sale.

The debtors' petition, plan, and related pleadings in this case contained a number of deficiencies. Johnson filed a "Motion to Determine Automatic Stay Not in Effect, Motion to Dismiss for Bad Faith Filing, and Motion to Assess Attorney Fees," with a supporting brief. In the brief, Johnson argued that under the principles of res judicata or collateral estoppel, the order lifting the automatic stay in the debtors' previous bankruptcy case precluded the application or enforcement of the automatic stay [1] in this case.

On April 22, 1996, the trial court held a hearing on confirmation of the debtors' plan and JWH's motions. The court denied both the motions and confirmation of the plan in an order entered May 22, 1996. In that order, the court commented adversely on the professional conduct of counsel for both parties and analyzed at some length the brief Johnson filed in support of JWH's motions.

In the same order, the trial court directed Johnson to show cause why sanctions should not be entered against him for statements of law made in the brief in support of the various motions. On June 11, 1996, the trial court held a hearing. On June 12, 1996, it entered an order imposing sanctions on Johnson pursuant to FED.R.BANKR.P. 9011. (Appellant's App. at 34.) That order recites that "this court entered its findings and conclusions on the record in open court, as is permitted by Rule 52, FED.R.CIV.P., made applicable to this matter under Rule 7052, FED.R.BANKR.P." *Id.*

Johnson appealed the June 12, 1996, sanction order to the United States District Court for the Western District of Oklahoma and also filed a motion for stay of the sanctions pending appeal with the trial court. On June 21, 1996, the trial court denied the motion for stay pending appeal, again reciting that it had entered findings of fact and

---

**1.** Consistent with its theory that the automatic stay did not apply, JWH did not file a motion for

relief from the automatic stay in this case.

conclusions of law on the record in the June 11, 1996 hearing. *Id.* On August 5, 1996, the district court entered an order staying payment of the sanctions pending appeal but dismissed the appeal as interlocutory.

On August 30, 1996, the trial court dismissed the debtors' Chapter 13 case. On the same date, Johnson filed a notice of appeal of the sanctions order of June 12, 1996. Pursuant to 10th Cir. BAP L.R. 8001–1(e), the appeal automatically came to the Court since Johnson did not opt to have the case heard by the United States District Court for the Western District of Oklahoma.

Johnson did not include a copy of the transcript of the June 11, 1996 hearing in the record on appeal. Indeed, he stated that a transcript was not necessary. (*See* Appeal Dock. Stmt. at 2.) Notwithstanding the recitation by the trial court in its order of June 12, 1996, he repeatedly represented to this Court at oral argument that the trial court *did not* make findings of fact and conclusions of law on the record.

## DISCUSSION

■ The Court reviews an order of sanctions under FED.R.CIV.P. 11 for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990); *Findlay v. Banks (In re Cascade Energy & Metals Corp.),* 87 F.3d 1146, 1150 (10th Cir.1996); *Coffey v. Healthtrust, Inc.,* 955 F.2d 1388, 1393 (10th Cir.1992). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hartmarx,* 496 U.S. at 405, 110 S.Ct. at 2461. In this circuit, abuse of discretion is defined as " 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.' " *FDIC v. Oldenburg,* 34 F.3d 1529, 1555 (10th Cir. 1994) (quoting *United States v. Hernandez–Herrera,* 952 F.2d 342, 343 (10th Cir.1991) (further quotation omitted)). Johnson's failure to provide the Court with a transcript of the bankruptcy court's findings of fact and conclusions of law completely frustrates any attempt to apply the standard. (*See* Appellant's App. at 31.) The Court cannot review the trial court's findings of fact or legal conclusions without the transcript.

In any appeal, the burden of providing the appellate court with an adequate record for review is on the appellant. FED. R.APP. P. 10(b)(2); *Davis–Batiste v. United States,* No. 95–1001, 1996 WL 33254, 76 F.3d 392 (table) (10th Cir. Jan. 23, 1996); *Yarrington v. Davies,* 992 F.2d 1077, 1080 (10th Cir.1993); *McGinnis v. Gustafson,* 978 F.2d 1199 (10th Cir.1992). In *Gustafson* the court noted that the appellant's failure to include a transcript of the district court's oral ruling "raises an effective barrier to informed substantive appellate review." 978 F.2d at 1200–01. "When a trial transcript is not designated as part of the record on appeal, an appellate court cannot review the district court's factual findings and must accept them as correct." *Trujillo v. Grand Junction Reg'l Ctr.,* 928 F.2d 973, 976 (10th Cir.1991) (citing *Rachbach v. Cogswell,* 547 F.2d 502, 504 (10th Cir.1976)). *See also Davis–Batiste,* 1996 WL 33254 at *2–3 (noting that court has held on a number of occasions and in a variety of settings that the lack of a required transcript leaves the appellate court with no alternative but to affirm the affected ruling).

■ As a general rule, failure to provide a trial transcript warrants affirmance of the trial court decision on appeal where the issue on appeal requires the appellate court to review the record in the trial court. Johnson's failure to supply the Court with a transcript of the June 11, 1996 hearing makes it impossible for the Court to determine whether the trial court's sanction order was an abuse of discretion.

Accordingly, the decision of the trial court is AFFIRMED.