**In re Steven LINDSEY, Debtor.**

**Jerome Joseph, Plaintiff–Appellant–
Cross–Appellee,**

**v.**

**Stephen W. Lindsey, Sr., also known
as Steven Lindsey, Defendant–
Appellee–Cross–Appellant.**

**BAP Nos. UT–98–019, UT–98–021.
Bankruptcy No. 95–26119.
Adversary No. 96–2259.**

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Feb. 9, 1999.

Jerome Joseph, Denver, CO, pro se.

John B. Anderson (Michael W. Wright with him on the brief) of Anderson & Holland, Salt Lake City, Utah, for Defendant–Appellee–Cross–Appellant.

Before PUSATERI, PEARSON, and CORNISH, Bankruptcy Judges.

## OPINION

CORNISH, Bankruptcy Judge.

The Court has before it for review an order finding Plaintiff in contempt; dismissing adversary proceeding with prejudice; and awarding costs to the Debtor. We also review the cross-appeal of the order granting partial summary judgment to the Debtor un-

der 11 U.S.C. § 523(a)(2)(B). For reasons set forth below, we affirm the order of the bankruptcy court dismissing the adversary proceeding. Therefore, the cross-appeal is deemed moot.

## JURISDICTION

The Bankruptcy Appellate Panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). Since neither party has opted to have these appeals heard by the District Court for the District of Utah, they are deemed to have consented to jurisdiction. 10th Cir. BAP L.R. 8001-1(d).

## STANDARD OF REVIEW

The Bankruptcy Appellate Panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings. "For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion'.)" *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see* Fed. R.Bankr.P. 8013. The Tenth Circuit has stated:

Under the abuse of discretion standard: "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the balance of permissible choice in the circumstances. When we apply the 'abuse of discretion' standard, we defer to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value."

*Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994) (quoting *McEwen v. City of Norman,* 926 F.2d 1539, 1553–54 (10th Cir.1991) (quoting *United States v. Ortiz,* 804 F.2d 1161, 1164 n. 2 (10th Cir.1986))).

## BACKGROUND

Jerome Joseph ("Joseph") filed an adversary proceeding against Steven Lindsey ("Debtor"), seeking a determination that the debt owed to him was nondischargeable pursuant to §§ 523(a)(2)(A) and 523(a)(2)(B). Previously, KWM filed a complaint against Clearwater Trucking and the Debtor in state court. A default judgment was entered against Clearwater and the Debtor. On January 14, 1997, Joseph was substituted for KWM in the state court action.

On March 3, 1997, the Debtor's counsel mailed Requests for Admissions and a second set of Interrogatories to Joseph.[1] In re-

1. *REQUESTS FOR ADMISSION*

1. Admit or deny that you were convicted of the crime of the unauthorized practice of law in the Los Angeles Superior Court, on or about February 22, 1996.
2. Admit or deny that you were arrested and convicted for theft in Cuyahoga, Ohio in or about February 28, 1990, Criminal Case # CR 221862.
3. Admit or deny that on or about October 3, 1989 you were convicted on three felony counts in the State of California, and that you were sentenced to 1 year and 4 months in the California State Prison.
4. Admit or deny that on or about June 22, 1971 you were convicted of three (3) counts of Grand Theft by false pretense and one (1) count of Petit Theft by false pretense, in Maricopa County, Arizona, case no. 107264.
5. Admit or deny that on or about May 29, 1959 you were convicted for defrauding an innkeeper in Cleveland Heights, Ohio, and sen-

tenced to 1–5 years confinement in the Columbus Correctional Facility.
6. Admit or deny that you have never been employed as an attorney by the Federal Public Defenders Office in Los Angeles County or any other county in the state of California.
7. Admit or deny that you have never been employed as an attorney by the Federal Public Defenders Office in any jurisdiction in the United States.

*INTERROGATORIES*

1. If any of your answers to the interrogatories served concurrently herewith are less than an unequivocal admission, please state in detail each and every fact, ground and circumstance upon which you base your answer.
2. State the name of any law school you claim to have attended, and for each such law school, please state the following:
   a. The dates of attendance (inclusive);
   b. The address of each such school;
   c. Your date of graduation;

sponse, Joseph filed a Motion for Protective Order, arguing that the Requests for Admissions and second set of Interrogatories did not facilitate proof with respect to the issues of the adversary proceeding, did not narrow or eliminate any issues, and were used beyond the limits of the discovery process. The Motion was denied at a hearing on May 15, 1997, and an order memorializing the decision was entered on June 9, 1997. In that order, the court directed Joseph to answer the discovery requests. Joseph appealed the order to this Court; however, that appeal was dismissed as interlocutory.

On August 29, 1997, Joseph filed a Motion for Partial Summary Judgment seeking a determination that he was the real party in interest. On that same date, the Debtor filed a Motion for Summary Judgment. Both Motions were set for hearing on October 15, 1997. Joseph's Motion for Partial Summary Judgment was granted. The Debtor's Motion for Summary Judgment was granted in part and denied in part. The Motion was granted as to all sums claimed in excess of $354,000.00, under both §§ 523(a)(2)(A) and (B). The Motion was granted as to the remaining sums under § 523(a)(2)(B), but was denied under § 523(a)(2)(A). The Motion for Summary Judgment was denied under § 523(a)(2)(A), finding that the alleged promises "to make the checks good" could constitute a material representation of fact. The latter order is the subject of Debtor's cross-appeal.

On January 28, 1998, the Debtor filed a Motion for Contempt/Sanctions since Joseph had failed to respond to the Requests for Admission and second set of Interrogatories. The hearing was set two days prior to trial. Joseph continued to urge his Fifth Amendment objection at the hearing. Joseph stated that even if he is ordered to answer the Requests for Admission, he would not do so. Faced with dismissal of the proceeding, Jo-

seph would not obey the court's order. Joseph was allowed until the date following the hearing at 3:00 p.m. to answer the discovery. Since Joseph did not comply with the court's order, the complaint was dismissed. This appeal followed.

Joseph moved to dismiss the cross-appeal as moot ("Motion to Dismiss"). The Debtor argued that the denial of the Motion for Summary Judgment was appealable after the final judgment was entered, if the trial court's denial was based upon a misinterpretation of the law. The Motion to Dismiss was referred to the Merits Panel. Both parties admitted at oral argument that if the dismissal was affirmed, the cross-appeal would be moot.

After the oral argument, the Debtor filed a Motion for Sanctions for filing a frivolous appeal and requested he be awarded costs and fees in defending the appeal. Joseph responds, arguing that there is no reference to any Local Rule, Bankruptcy Rule, or Federal Rule of Civil Procedure that supports the Motion.

### DISCUSSION

The dismissal of this case was prompted by Joseph's failure to answer Requests for Admission and Interrogatories requesting information about Joseph's previous convictions and his legal practice and/or education. " 'A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " *In re Rambo*, 209 B.R. 527, 530 (10th Cir. BAP) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)), *aff'd*, 132 F.3d 43 (10th Cir.1997) (unpublished table decision). "In this circuit, abuse of discretion is defined as 'an arbitrary, capricious, whimsical, or mani-

---

3. Have you ever been licensed to practice law in any state or jurisdiction of the United States, and if so, please state:
    a. the date you were first licensed to practice law;
    b. the date you were last licensed to practice law;
    c. the state(s) and/or jurisdictions in which you were licensed to practice law.

4. Have you ever been convicted of a crime involving dishonesty or moral turpitude, and if so, please state the following:
    a. the type of crime for which you were convicted;
    b. the date of the conviction.

festly unreasonable judgment.'" *Rambo,* 209 B.R. at 530 (quoting *FDIC v. Oldenburg,* 34 F.3d 1529, 1555 (10th Cir.1994)(further quotations omitted)).

Rule 7037, Fed.R.Bankr.P., incorporates Rule 37, Fed.R.Civ.P., which provides:

(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.

(1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.... In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule....

Fed.R.Civ.P. 37. Rule 37(b)(2)(C) allows dismissal as a sanction.

■■■■ The question then becomes whether Joseph had the right to assert his Fifth Amendment privilege in response to the Requests for Admission and Interrogatories. The Fifth Amendment provides that "[n]o person shall be ... compelled in any criminal case to be a witness against himself...." U.S. Const. amend. V. The privilege may be invoked in the course of any proceeding, civil or criminal. *Kastigar v. United States,* 406 U.S. 441, 444, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). This privilege "protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution [against him] or could lead to other evidence that might be so used." *Id.* at 444–45, 92 S.Ct. 1653. The party invoking the privilege is not entitled to a blanket invocation of the privilege, but must make a specific showing that a response "will pose a substantial and real hazard of subjecting [the party] to criminal liability." *United States v. Schmidt,* 816 F.2d 1477, 1482 (10th Cir.1987); *see also United States v. Carney,* 161 F.3d 18, 1998 WL 664278 (10th Cir.1998) (unpublished table decision); *Bank One v. Abbe,* 916 F.2d 1067 (6th Cir.1990).

■■■ "The witness is not exonerated from answering merely because he declares that in doing so he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether silence is justified...." *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951) (citing *Rogers v. United States,* 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951)). A witness has some minimal burden to justify the invocation of privilege. *In re Morganroth,* 718 F.2d 161, 167 (6th Cir.1983) (citing *Hoffman*). The person invoking the privilege must establish that the risk of incrimination resulting from their testimonial communications must be "substantial and real" and not trifling or imaginary haphazards of communication. *Schmidt,* 816 F.2d at 1481 (citing *Marchetti v. United States,* 390 U.S. 39, 53, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968)). What type of showing must a witness make to claim a Fifth Amendment privilege? One court has stated:

Before a witness ... is entitled to remain silent, there must be a valid assertion of the fifth amendment privilege. It is for the court to decide whether a witness' silence is justified and to require him to answer if it clearly appears to the court that the witness asserting the privilege is mistaken as to its validity. A valid assertion of the fifth amendment privilege exists where a witness has reasonable cause to apprehend a real danger of incrimination. A witness must, however, show a 'real danger,' and not a mere imaginary, remote or speculative possibility of prosecution. While the privilege is to be accorded liberal application, the court may order a witness to answer if it clearly appears that he is mistaken as to the justification for the privilege in advancing his claim as a subterfuge. A blanket assertion of the privilege by a witness is not sufficient to meet the reasonable cause requirement and the privilege cannot be claimed in advance of the questions. The privilege must be asserted by a witness with respect to particular questions, and in each instance, the court must determine the propriety of the refusal to testify.

*Abbe,* 916 F.2d at 1077 (quoting *In re Morganroth,* 718 F.2d 161, 167 (6th Cir.1983) (citations omitted)).

The Fifth Amendment privilege ceases to apply once the witness has been convicted of the offense to which he fears incrimination. *In re Foster,* 217 B.R. 631, 642 (Bankr.D.Colo.1997) (citing *In re Duque,* 177 B.R. 397, 404 (Bankr.S.D.Fla.1994)). The privilege only extends to answers that would furnish the link in the chain of evidence needed to prosecute a claim. *Hoffman,* 341 U.S. at 486, 71 S.Ct. 814. These must be instances in which the witness has reasonable cause to apprehend danger from a direct answer. *Id.*

Joseph seeks to invoke the privilege with regard to previous convictions and questions regarding his practice of law and law schooling. Clearly, if there is a conviction, the privilege ceases to apply. If Joseph has not been convicted of a crime, he has no reason to fear incrimination. Joseph has shown no "real danger." He basically made a blanket assertion that he was not going to respond no matter what penalty would be imposed. From a review of the transcript, Joseph's silence is not justified and he must clearly answer the questions.

Joseph is correct in arguing that dismissal is an extreme sanction which is only appropriate in cases of willful conduct. *See Ehrenhaus v. Reynolds,* 965 F.2d 916 (10th Cir.1992). Although dismissal is extreme, Joseph's argument that dismissal was inappropriate was not set forth in his opening brief. This issue was first raised in his reply brief. Issues raised for the first time in a reply brief will not be considered. *See, e.g., Codner v. United States,* 17 F.3d 1331, 1332 n. 2 (10th Cir.1994). As a result, the bankruptcy court's decision dismissing the adversary shall be affirmed. Therefore, the cross-appeal is moot, and Joseph's Motion to Dismiss is granted.

The Debtor filed a Motion for Sanctions requesting Joseph be required to pay fees and costs for pursuing a frivolous appeal. Joseph responds, stating that this Motion was filed after the briefing schedule had expired and the Motion does not reference any Local Rule, Bankruptcy Rule or Federal Rule of Civil Procedure.

Rule 8020, Fed.R.Bankr.P., provides:

> If a . . . bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the . . . bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

An appeal is frivolous if the result is obvious or the arguments are wholly without merit. *Braley v. Campbell,* 832 F.2d 1504, 1510 (10th Cir.1987). The Court finds that the appeal is not frivolous. The Motion for Sanctions is denied.

### *CONCLUSION*

Joseph may assert the Fifth Amendment privilege where he has reasonable cause to apprehend danger. The danger must be "real." Joseph has not shown any "real danger" of incrimination. Accordingly, the bankruptcy court's decision is AFFIRMED.