**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MELODY RAMSEY,

Plaintiff-Appellant,

v.

ANTHONY J. PRINCIPI,
Secretary, Veteran Affairs,

Defendant-Appellee.

No. 07-1465
(D.C. No. 1:04-cv-02140-LTB-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Plaintiff Melody Ramsey, appearing pro se, appeals from an order of the

district court dismissing all but one of the claims in her complaint and a second

order granting summary judgment to defendant on the remaining claim. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mrs. Ramsey is the widow of a World War II veteran buried at Fort Logan National Cemetery in Denver, Colorado.  She started volunteering at the cemetery shortly after her husband was buried in March 2002, and sued defendant Principi in his official capacity over events that transpired there.

Defendant moved to dismiss.  The magistrate judge thoroughly reviewed Mrs. Ramsey's complaint and, in a recommendation filed on August 23, 2005, recommended that all of her claims be dismissed, except for a claim for violation of the National Environmental Policy Act (NEPA) that defendant had not addressed.

The magistrate judge recommended that Mrs. Ramsey's constitutional claims be dismissed because the sovereign immunity of the Department of Veterans Affairs was not waived under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for constitutional claims brought against defendant in his official capacity.  *FDIC v. Meyer*, 510 U.S. 471, 484-85 (1994).  As a result, the magistrate judge concluded that the court lacked subject matter jurisdiction.

The magistrate judge recommended that Mrs. Ramsey's discrimination claims also be dismissed.  The magistrate judge reasoned that Mrs. Ramsey repeatedly asserted in her complaint that she was a volunteer at the cemetery, and she therefore lacked standing to sue under Title VII of the Civil Rights Act of 1964 because she was not an employee or applicant for employment.  *See*

42 U.S.C. §§ 2000e(f), 2000e-16; *Jacob-Mua v. Veneman*, 289 F.3d 517, 521 (8th Cir. 2002). The magistrate judge further reasoned that the United States is not an employer under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111(5)(B)(i), so Mrs. Ramsey could not bring discrimination claims against a federal agency under the ADA. Further, because she was not an employee, she could not bring discrimination claims against the agency under the Rehabilitation Act of 1973. *See* 29 U.S.C. § 794(d); 42 U.S.C. § 12111(4).

Finally, the magistrate judge recommended that Mrs. Ramsey's tort claims be dismissed because she failed to exhaust her administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675(a). As a result, her claims were barred by sovereign immunity, and the court lacked subject matter jurisdiction. *Nero v. Cherokee Nation*, 892 F.2d 1457, 1463 (10th Cir. 1989).

In an order filed on December 15, 2005, the district court adopted the magistrate judge's recommendation. The district court denied Mrs. Ramsey's subsequent motion to alter or amend the judgment in an order filed on January 26, 2006.

Defendant then moved for summary judgment on Mrs. Ramsey's NEPA claim. The magistrate judge, in a recommendation filed on July 13, 2007, recommended that summary judgment be granted to defendant because NEPA does not provide a private right of action. *See Utah Env'l Cong. v. Russell*, 518 F.3d 817, 823 (10th Cir. 2008). In an order filed on August 23, 2007, the

district court adopted the magistrate judge's recommendation and granted summary judgment to defendant. The district court entered judgment in favor of defendant on August 24, 2007.

We review the dismissal of a complaint de novo. *Wyoming v. United States*, 279 F.3d 1214, 1222 (10th Cir. 2002). We also review a grant of summary judgment de novo. *Williams v. Berney*, 519 F.3d 1216, 1219 (10th Cir. 2008). Because Mrs. Ramsey is pro se, we review her pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

We have reviewed the materials in light of the governing law. We are unpersuaded by Mrs. Ramsey's arguments on appeal, and we affirm for substantially the same reasons as those stated by the magistrate judge in his two recommendations and adopted by the district court.

AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge