FILED
United States Court of Appeals
Tenth Circuit

January 26, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

| | |
|---|---|
| MELODY RAMSEY, | |
| Plaintiff - Appellant, | |
| v. | No. 08-1202 |
| | (D. Colo.) |
| JAMES B. PEAKE, Secretary of Veteran Affairs, and John & Jane Does 1-25, | (D.Ct. No. 1:07-CV-02612-WYD-KLM) |
| Defendant - Appellee. | |

_____

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Melody Ramsey, *pro se,*[1] brought a Title VII complaint against the Secretary of Veterans Affairs and twenty-five unnamed defendants.[2]  Her complaint alleged not only discrimination based on race, sex, national origin, religion, and age, but a multitude of other perceived improprieties.  Over Ramsey's objection, the district judge ordered consideration of pretrial matters and non-dispositive motions by a magistrate judge (magistrate) pursuant to 72.1(c) of the court's local practice rules.  The referral also required the magistrate to hold hearings and make recommendations for ruling on dispositive motions.

After a scheduling conference, the magistrate recommended dismissal of Ramsey's claims without prejudice because she refused to comply with pretrial orders.  Ramsey filed a motion for reconsideration, which the magistrate construed as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  The magistrate denied the motion and again recommended dismissal.  The district judge adopted the magistrate's

---

[1]  We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]  Ramsey states "Title VII & the ADA & the ADEA (and NEPA for that matter) are the sloppy acromomal [*sic*] way the Courts and the US Attorney denominated the cases." (Appellant's Br. at 2.)  However, it was Ramsey who filed this action on a "Title VII Complaint" form.  In the federal court system, it is the plaintiff who frames the issues as she posits a question before the courts. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim. . .").  Ramsey's use of the form thusly "denominated" the action as one under Title VII.

recommendation and, deeming Ramsey's intransigence to amount to a failure to prosecute, dismissed the suit without prejudice.[3] Ramsey challenges the dismissal of her case as well as the magistrate's 1) appointment, 2) failure to recuse, and 3) denial of an evidentiary hearing on the issue of her compliance with case scheduling requirements. We affirm.

## I. BACKGROUND

On January 3, 2008, the magistrate ordered a Scheduling Conference for February 13, 2008.[4] She directed Ramsey to participate in a meeting with opposing counsel (an attorney from the United States Attorney's office) and prepare a proposed scheduling order no later than 21 days prior to the scheduling conference, submit initial disclosures under Fed. R. Civ. P. 26(a)(1) no less than 14 days after the meeting with opposing counsel, and submit a proposed scheduling order no later than five calendar days before the scheduling

---

[3] There was no invitation to amend the complaint or otherwise continue the district court proceedings, making the district court's dismissal of Ramsey's "complaint and action" final and appealable. *See Moya v. Schollenbarger*, 465 F.3d 444, 448-54 (10th Cir. 2006); *see also Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) ("Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable.").

[4] Although this document does not appear in the record, we have elected to take judicial notice of this order. Fed. R. Evid. 201; *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[A] court may . . . take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records.").

conference.[5]  The order also warned failure to comply with its provisions might result in sanctions under Rule 16(f)(1) of the Federal Rules of Civil Procedure.

The parties failed to meet as ordered.  Ramsey, who is no stranger to litigation in federal courts,[6] appeared at the scheduling conference completely unprepared.  For example, she failed to submit her Rule 26(a)(1) initial disclosures, produce a proposed scheduling order,[7]  and provided incoherent objections to the United States Attorney's proposed scheduling order.  At the scheduling conference Ramsey failed to proffer a draft schedule to the court and opposing counsel or provide any evidence of her meaningful participation in the pretrial process.  Instead, she blamed these failures on opposing counsel.  Ramsey requested an evidentiary hearing to present tape recordings of numerous telephone calls to the United States Attorney's office, which she alleged documented that opposing counsel and his staff refused to speak with her and would terminate her

---

[5] The order set forth generally the scheduling conference requirements of the parties enumerated in Fed. R. Civ. P. 26(f) which include the:  timing of the conference; responsibilities of the parties at the conference; and required discovery plan to be discussed at the conference.

[6] *See generally Ramsey v. Principi*, 284 Fed. Appx. 548 (10th Cir. 2008) (unpublished) (*affirming Ramsey v. Principi*, 2007 WL 2439338 (D.Colo. Aug. 23, 2007) (unpublished); *Ramsey v. Office of State Eng'r, Dep't of Natural Res., State of Colo.*, 986 F.2d 1428, 1993 WL 53120 (10th Cir. 1993) (unpublished); *Ramsey v. Office of State Eng'r*, 931 F.2d 63, 1991 WL 59371, (10th Cir. 1991) (unpublished); *Ramsey v. City & County of Denver*, 907 F.2d 1004 (10th Cir. 1990).

[7]  D.C.Colo.LCivR 26.1(A) requires plaintiff to draft the proposed scheduling order.

calls.[8]   Opposing counsel offered a different narrative, telling the magistrate of

his attempts to contact Ramsey reportedly through telephonic and written

communication regarding preparation of a proposed scheduling order.  He claimed

Ramsey continually rebuked of his efforts.  Ramsey disputed his account.

Undisputed is Ramsey's direction to the United States Attorney's office: to only

communicate with her in writing, not by telephone; refusal to speak with the

Assistant United States Attorney assigned to this case; and repeated demands to

speak with his supervisor.

The scheduling conference was reported.  The transcript reveals the

magistrate listened patiently as Ramsey evaded direct questions and improperly

tried to force discussion of issues irrelevant to case scheduling and preparation.

Ramsey failed to heed warnings of possible sanction set forth in the scheduling

order.  Her behavior prompted the magistrate to ask whether she knew the

difference between "making efforts to settle [a] claim and conferring with counsel

about documents that [she was] required to file with the court in order to pursue

[her] claim?"  (R. Vol. 2 at 11-12.)  Ramsey understood but continued to

---

[8] As recorded in the transcript, Ramsey digressed from scheduling issues
repeatedly, addressing a combination of similar closed and pending cases in her attempts
to voice frustration with the judicial process.  She failed to articulate whether any or all of
the tapes dealt with the scheduling issue at hand or other issues or cases entirely.  This is
one of several cases Ramsey has filed involving overlapping issues and ". . . is out of
sequence time wise & therefore prejudiced."  (Appellant's Br. at 4).  For purposes of this
appeal, we will assume at least some of the tapes were relevant to these scheduling
proceedings.

obfuscate, arguing the issues she wished to discuss regarding the merits of her claim were inseparable from the scheduling issue before the court. Ramsey requested the magistrate recuse herself three times: by oral motion at the scheduling conference, immediately following the conference by filing a written motion, and a later motion to "rereconsider". The magistrate denied all three requests.

The magistrate did not listen to Ramsey's tape recordings, relying only on the parties' presentations in making her decision. In making credibility assessments, the magistrate evaluated the actors' presentation, attitude and demeanor in resolving the conflicting claims regarding unsuccessful attempts to meet, disclose information, and otherwise prepare for the scheduling conference. She concluded Ramsey's account of events was less credible than that of opposing counsel. Based on Ramsey's obstinate refusal to abide by procedural rules and properly participate in litigation planning, the magistrate recommended dismissal of Ramsey's claim.

## II. DISCUSSION

A. <u>Objection to Magistrate Hearing Dispositive Issues</u>

Ramsey "specifically objected to any magistrate handling any part of her case and asked specifically that an experienced judge sort thu [*sic*] [the issues]." (Appellant's Br. at 2m.) Irrespective of the court's assignment order she claims

her objection precluded the magistrate's participation. She is mistaken. The court's local rules provide, "upon reference by a district judge, a magistrate judge may . . . hold hearings and make recommendations to the district judge on dispositive matters." D.C.Colo.L.Civ.R. 72.1(c)(3). The rules properly implement the relevant statute permitting assignments to magistrates. 28 U.S.C. § 636(b)(1). Ramsey's consent was not required and her generalized objections to the process do not render it infirm.

B. Recusal of Magistrate

Ramsey requested the magistrate to recuse herself three times, each time offering only vague assertions of bias and "a pattern and practice of judicial impropriety" to support her requests. (R. Vol. 1, Doc. 15.) We review the denial of a motion to recuse for abuse of discretion. *United States v. Smith,* 997 F.2d 674, 681 (10th Cir.1993). Under that standard we will uphold a district court's decision unless it is an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (quotation marks omitted).

28 U.S.C. § 455(a) requires disqualification "in any proceeding in which . . . [a magistrate's] impartiality might reasonably be questioned." The magistrate determined Ramsey showed no evidence of prejudice, bias, or improper action warranting recusal. The district judge reviewed the record and agreed. We too

agree — the magistrate's impartiality cannot reasonably be questioned. Ramsey was provided frequent opportunities to demonstrate her good faith participation in the pretrial scheduling. The magistrate attempted to fully understand Ramsey's objections and excuses, granted her significant leeway during the scheduling conference, and tolerated her repeated diatribes.

## C. Failure to Schedule an Evidentiary Hearing

When a district court adopts the magistrate's recommendation for dismissal without holding an evidentiary hearing we review for abuse of discretion. *Fed. Deposit Ins. Corp. v. Daily*, 973 F.2d 1525, 1532 (10th Cir. 1992). Abuse of discretion occurs when a decision is "arbitrary, capricious, whimsical, or results in a manifestly unreasonable judgment." *United States v. Weidner,* 437 F.3d 1023, 1042 (10th Cir. 2006) (quotation omitted).

The district judge undoubtedly reviewed the transcript of the scheduling hearing in the two months that elapsed between the hearing and the issuance of his order and judgment. Relying on the arguments set forth at the scheduling hearing and through pleadings, the district judge wholly adopted the magistrate's recommendation, including the determination an evidentiary hearing regarding Ramsey's audio tapes was unnecessary based upon the presentations by the parties. Our review leads us to conclude his decision was supported by the record, significantly by Ramsey's own statements.

Regardless of its title, the scheduling conference before the magistrate was a hearing – it was held in open court and on the record. Ramsey's alleged failure to confer as ordered was at some level a factual dispute and audio-tape recordings may well have been probative if they did indeed evidence the United States Attorney's office refusing to confer.[9] A refusal to consider possibly relevant evidence is always a matter of concern and, had this been a trial, might be reversible error. However, the district court's acceptance of the magistrate's choice not to request Ramsey to supply the tapes[10] or take sworn testimony at a scheduling hearing was not necessarily an abuse of discretion.

Our review for abuse of discretion is deferential. The conflicting allegations concerning relative fault in failing to cooperate were thoroughly aired. The magistrate and district court could make the limited, but necessary, credibility determination from the interchange at the conference coupled with an assessment of objective facts – Ramsey was not prepared; opposing counsel was – and attitude – Ramsey was obtuse and combative, repeatedly attempted to undermine process by pursuing her own agenda. The district court, like the magistrate, could, and perhaps should, have given more attention to Ramsey's

---

[9] Again, it is imperative to note Ramsey's own statements indicate the tapes included any number of issues, one of which may have been refusal to confer by opposing counsel.

[10] Ramsey did not have the audio tapes in her possession at the scheduling hearing.

recordings, but in this context failure to do so was not an abuse of discretion. Limited fact finding at a scheduling conference may be sufficiently reliable even though it was not attended by full adversary processes.

Under the circumstances the record demonstrates the district court's approach was a sufficient substitute for more formal process – it does not suggest a manifestly unreasonable result. Ultimately, the district court relied on undisputed facts in determining the pretrial scheduling issue – Ramsey did not participate in crafting the proposed scheduling order and did not submit one of her own. The district court's decision to forego an evidentiary hearing was not arbitrary, capricious, or whimsical; nor does it result in a manifestly unreasonable judgment.

D.  Dismissal for Failure to Prosecute

The dismissal of Ramsey's claim without prejudice was clearly a sanction for failure to prosecute according to established rules. We review such sanctions for an abuse of discretion. *See United States v. Berney,* 713 F.2d 568, 571 (10th Cir. 1983). Although *pro se* litigants are held to less stringent standards than those applicable to licensed attorneys, *see Meade v. Grubbs,* 841 F.2d 1512, 1526 (10th Cir. 1988), they must nevertheless "'follow the same rules of procedure that govern other litigants.'" *Okla. Federated Gold & Numismatics, Inc. v. Blodgett,* 24 F.3d 136, 139 (10th Cir. 1994) (quoting *Green v. Dorrell,* 969 F.2d 915, 917

-10-

(10th Cir. 1992)).

The magistrate correctly applied the five factors used to evaluate grounds for dismissal. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) ((1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions . . .) (Internal quotations and citations omitted).

Ramsey was directly and largely responsible for the parties' failure to reach agreement on a proposed scheduling order. She caused actual prejudice to the defendant and the court in refusing to move the case planning process along in an orderly fashion. She did not prepare a required scheduling order nor respond to the defendants' draft. Her refusal was not attended by good cause. The magistrate's January 3 scheduling order warned Ramsey of the possibility of sanctions.[11] Finally, as the magistrate noted, Ramsey's conduct evidenced a significant likelihood that only dismissal would properly focus her attention on

---

[11] The order notified the parties that "Failure to . . . comply with a court-ordered deadline . . . may result in the imposition of sanctions, under Rule 16(f), Fed.R.Civ.P." Fed.R.Civ.P. 16(f) states that the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (B) is substantially unprepared to participate . . . in the conference; or (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A) allows for orders: "(v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party . . . ."

the need to cooperate in case scheduling.

We also consider the effect a sanction might have on a recalcitrant litigant's ability to present claims or defenses. Dismissal without prejudice is inconvenient but is not usually the death knell of a plaintiff's case. Ramsey has suggested no reason, such as a statute of limitations problem, which would preclude her from simply starting over, preferably with a better attitude. If she is willing to abide procedural requirements her claims can proceed in an orderly fashion to a disposition on the merits.

**AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge