**FILED**

**U.S. Bankruptcy Appellate Panel
of the Tenth Circuit**

**September 2, 2014**

**Blaine F. Bates
Clerk**

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE TENTH CIRCUIT

| | |
|---|---|
| IN RE FREDERICK KIRBY HARTH, JR., | BAP No. WO-13-071 |
| Debtor. | |
| MOSHE TAL, | Bankr. No. 12-11766 |
| Plaintiff – Appellant, | Adv. No. 12-01113 |
| | Chapter 7 |
| v. | OPINION[*] |
| FREDERICK KIRBY HARTH, JR., | |
| Defendant – Appellee. | |

Appeal from the United States Bankruptcy Court
for the Western District of Oklahoma

Before NUGENT, ROMERO, and SOMERS, Bankruptcy Judges.

SOMERS, Bankruptcy Judge.

This appeal arises from a judgment entered in the defendant-debtor's favor after a trial at which the plaintiff did not appear. The plaintiff, Moshe Tal ("Tal"), asks us to review a number of rulings the Bankruptcy Court made against him, including: 1) denying his requests to continue the trial, and 2) granting judgment in the debtor's favor on his claims under 11 U.S.C. §§ 523, 707 and

---

[*]     This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8018-6.

727.[1]  After carefully considering Tal's arguments, we AFFIRM the Bankruptcy Court's rulings.

## I.     Factual Background

Frederick Kirby Harth, Jr. (the "Debtor") and his wall climbing business, OKC Rocks, LLC ("OKC Rocks"), agreed to pay Tal monthly rent of $1,500 plus 10% of gross monthly income exceeding $15,000.  After the Debtor refused to provide records of his monthly gross income, Tal sued the Debtor and his company in state court for failure to pay the additional rent.[2]  The state court granted judgment in Tal's favor (in an amount to be determined later) as a sanction for the Debtor's violation of a discovery order.[3]  Tal obtained a judgment against the Debtor for $12,411.95 on March 29, 2012.[4]

Shortly thereafter, the Debtor filed for Chapter 7 relief on April 9, 2012. The Debtor's total debt was $25,505.60, making Tal his largest creditor.  A creditors' meeting was scheduled and held on May 15, 2012.  At the meeting, the Debtor testified he had sold OKC Rocks in 2007 for $175,000, and had used part of the proceeds to pay a tax debt and to make a $30,000 down-payment for a home he purchased with his wife.[5]  Not satisfied with the Debtor's responses and the limited time he had to question the Debtor, Tal filed a motion for an examination and discovery pursuant to Federal Rule of Bankruptcy Procedure

---

[1]     All future references to "Code," "Section," and "§" are to title 11, United States Code, unless otherwise specified.

[2]     *See* Creditor's Motion for Rule 2004 Examination and Discovery, at 2,¶ 4, *in* Appellant's Appendix ("App.") at 95.

[3]     Journal Entry of Judgment dated Mar. 13, 2012, *in* App. at 104-05.

[4]     Final Journal Entry of Judgment dated Mar. 29, 2012, *in* App. at 107-11.

[5]     Although Debtor made the down payment, the house was solely in his wife's name.

2004.[6]  The Bankruptcy Court held a hearing on August 1, 2012, granted the motion, and ordered the Debtor to produce various documents by August 10, 2012.  The Court also ordered the Debtor to make himself available for another 2004 examination, limiting the exam to six hours in duration, and directed the Debtor's counsel to prepare an order.  An order, approved by Tal, was entered on September 13, 2012 (the "Rule 2004 Order").[7]

In the meantime, Tal filed a motion on June 14, 2012, asking the Bankruptcy Court for an order extending the deadline for him to object to the Debtor's exemptions "as well as extending the deadline for which to file objections to the Debtor's Discharge, or to Challenge the Dischargeability of Certain debts, pursuant to § 707(b) [sic] of the Bankruptcy Code."[8]  On September 13, 2012, the Bankruptcy Court entered an order prepared by the Debtor's counsel and approved by Tal that gave Tal until September 17 to "file an objection to the Debtor's exemptions, an objection to the Debtor's discharge or an objection to the dischargeability of certain debts."[9]  This order did not mention § 707(b), which addresses dismissing a case if granting relief "would be an abuse of the provisions of" Chapter 7, rather than objections to exemptions, discharge, or dischargeability.

Four days after the Rule 2004 Order was entered, Tal filed a motion to

---

[6]     All future references to "Rule" refer to the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure; those denominated in the thousands are Bankruptcy Rules, and those with a single or double digit denomination are Civil Rules.

[7]     Rule 2004 Order, *in* App. at 713-14.

[8]     Tal's Application to Extend the Initial Deadline Set by the Court for Filing Objections to Debtor's Exemptions and the Deadline for Objection to Discharge, And/Or to Challenge Dischargeability of Certain Debts at 1, *in* App. at 135.

[9]     Order Granting Tal's Application to Extend the Initial Deadline Set by the Court for Filing Objections to Debtor's Exemptions and the Deadline for Objection to Discharge, And/Or to Challenge Dischargeability of Certain Debts, *in* App. at 717.

strike or modify it, objecting to, among other things, the inclusion of the phrase "to the extent possible" after the production deadline.[10]  Tal also filed a motion for sanctions based on the Debtor's failure to produce certain documents by the stated deadline.[11]  The Bankruptcy Court denied the motion to strike or modify because Tal "fail[ed] to state any grounds that persuade[d] the Court that the Rule 2004 Order should be vacated or modified, particularly in light of Tal's plain consent to its entry."[12]

On September 17, 2012, Tal filed a second motion asking the Bankruptcy Court to extend the deadlines he identified in his first motion for an extension of time.[13]  But on October 19, 2012, he filed a supplement to this motion advising the Court that the motion was moot and did not need to be ruled on because (1) the Debtor had filed an amendment to his Statement of Financial Affairs, which Tal believed extended the deadline under Rule 4003(b)(1) for him to object to the Debtor's exemptions, and (2) the Debtor had not responded to his application to extend the deadlines.[14]  The record on appeal does not include any order ruling on this motion, presumably because Tal's supplement said no ruling was needed or Tal did not submit a proposed order on it since he thought none was necessary.

Tal filed an adversary complaint to determine dischargeability pursuant to

---

[10]    Tal's Motion to Strike And/Or Modify the [Rule 2004 Order], *in* App. at 720-23.

[11]    Tal's Motion for Sanctions, *in* App. at 740-64.

[12]    Order Denying Creditor, Moshe Tal's Motion to Strike And/Or Modify the [Rule 2004 Order] ("Order Denying Modification of the Rule 2004 Order"), *in* App. at 813.

[13]    Tal's Second Application to Extend the Deadline Set by the Court for Filing Objections to Debtor's Exemptions and for Objecting to Discharge, And/Or to Challenge Dischargeability of Certain Debts, *in* App. at 724-39.

[14]    Tal's Supplement to His 9/17/12 Application to Extend the Deadline Set by the Court, *in* App. at 814-16.

"§ 523" and to object to discharge pursuant to "§ 727(a)(1-7)" on October 15, 2012.[15]  Tal alleged that the Debtor made false, evasive, contradictory, and misleading statements under oath, concealed his assets and records, and committed fraud on the courts.  He also averred that "dismissal of the Debtor's Petition is also appropriate and just under the provisions of § 707."[16]  The Debtor filed his answer on November 4, 2012.

On November 7, 2012, the Bankruptcy Court held a hearing on Tal's motion for sanctions for the Debtor's alleged failure to comply with a discovery order, and to set deadlines for the adversary proceeding.  The Court granted the Debtor's request to file his response to the motion out of time, and admonished Tal for seeking sanctions without first having made a good faith effort to resolve the dispute.[17]  Tal then withdrew the motion.  The Court entered an order on November 7, 2012, that declared Tal's motion for sanctions to be moot.[18]

During the November 7 hearing, the Bankruptcy Court directed Tal to file an amended complaint to specify which subsections of § 523 and § 727 his claims were based on, giving him a deadline of November 26 to do so.[19]  It then ordered an amended answer to be filed by December 10,[20] and scheduled the trial for July

[15]   Complaint Objecting to Determine Dischargeability And In Objection To Discharge ("Complaint"), *in* App. at 1010-41.

[16]   *Id*. at 19, ¶83, *in* App. at 1028.

[17]   Nov. 7, 2012 Motion for Sanctions Hearing Tr. at 30-31, 37, *in* App. at 862-63, 869.  *See also* Fed. R. Civ. P. 37(a)(1) (movant for sanctions should first informally seek to obtain responses and file a motion to compel before filing a motion for sanctions).

[18]   Order Regarding Creditor, Moshe Tal's Motion for Sanctions and Ordering Production of Documents by Debtor, *in* App. at 889.

[19]   Nov. 7, 2012 Motion for Sanctions Hearing Tr. at 43-46, *in* App. at 875-78.

[20]   *Id*. at 46, *in* App. at 878.

17, 2013.[21]  Finally, it directed the parties to file a jurisdiction consent form within 10 days.[22]

On November 7, 2012, the Bankruptcy Court issued a scheduling order with the following pertinent deadlines:  Rule 7026 disclosures to be completed by November 17, 2012; motions to join additional parties or amend pleadings to be filed by December 7, 2012; dispositive motions to be filed by May 18, 2013; final witness and exhibit lists to be filed by June 7, 2013; discovery to be completed by June 17, 2013; objections to expert testimony to be filed by June 27, 2013; and a proposed final pretrial order to be submitted by July 7, 2013.[23]  The trial was set for July 17, 2013.

On November 14, 2012, Tal filed his jurisdiction consent form.[24]  The next day, the Bankruptcy Court, *sua sponte*, struck Tal's form because:  1) Tal had not completed the form correctly or completely; 2) he had no legal right to a jury trial on any of his claims; and 3) he had waived his right to a jury trial by failing to file a timely motion to withdraw the bankruptcy reference.[25]

Tal filed an amended complaint on November 27, 2012.[26]  The Amended Complaint contained four counts asserted under specified provisions of the Bankruptcy Code:  Count 1 was a § 727(a)(3) claim, Count 2 was a § 727(a)(5) claim, Count 3 was a § 727(a)(4) claim, and Count 4 was a § 707(b)(3)(A) claim.

---

[21]    *Id.* at 50, in App. at 882.

[22]    *Id.* at 52-53, *in* App. at 884-85.

[23]    Scheduling Order, *in* App. at 1055-59.

[24]    Tal's Jury Trial and Jurisdiction Acknowledgments and Consents, *in* App. at 1062-63.

[25]    Order Striking Plaintiff's Jury Trial and Jurisdiction Acknowledgments and Consents and Directing Plaintiff to Complete and File New Jury Trial and Jurisdiction Acknowledgments and Consents Form, *in* App. at 1064-67.

[26]    Corrected Amended Complaint Objecting to Determine Dischargeability And In Objection to Discharge ("Amended Complaint"), *in* App. at 1085-1115.

Tal also labeled Count 4 as including a non-core claim for common-law fraud. The Amended Complaint included as an alternative, a generic request for relief under § 523 that did not specify any ground to except Tal's claim from discharge,[27] and a demand for a jury trial.[28]

On January 10, 2013, shortly after the time to file an answer to the Amended Complaint expired, Tal filed a motion asking the Bankruptcy Court to enter a default judgment pursuant to Rule 55(b)(2) and a request for the court clerk to enter an order of default pursuant to Rule 55(a) and Rule 7055.[29] The Debtor filed a response indicating the failure to answer the Amended Complaint was an oversight by his counsel, who believed an answer had been filed while she was out of the office, and requesting permission to file an answer out of time.[30] Tal filed a reply,[31] which the Court struck because leave to file it was not first obtained, adding that it would not entertain any requests to file any replies.[32] Tal nevertheless filed an application for leave to file a reply, which the Court denied.[33]

---

[27]    Amended Complaint at 32, ¶166, *in* App. at 1115 ("As an alternative, Tal also avers that at the minimum, based on the facts as stated herein, the Plaintiff's debt is not dischargeable under the provisions of 11 U.S.C. § 523, especially based on his false representation and the total circumstances of this case.").

[28]    *Id.* at 32, *in* App. at 1115 ("**JURY TRIAL DEMANDED**").

[29]    Plaintiff, Moshe Tal's, [sic] Motion for Default Judgment, And Supportive Brief, *in* App. at 1128-33. Plaintiff's Request the Court Clerk to Enter Order of Default, *in* App. 1116-27.

[30]    Defendant's Response to Motion for Default, *in* App. at 1134-37.

[31]    Plaintiff's Reply to Defendant's Response to Motion for Default, *in* App. at 1138-43.

[32]    Order Striking Plaintiff's Reply to Response to Motion for Default ("Order Striking Reply"), *in* App. at 1150-51.

[33]    Plaintiff's Application for Leave of Court to File a Reply to Defendant's Response to Motion for Default, *in* App. at 1152-53. Order Denying Plaintiff's Application for Leave of Court to File Reply to Defendant's Response to Motion

(continued...)

-7-

On February 1, 2013, the Bankruptcy Court denied Tal's motion for default judgment, noting that strong policies favor resolving disputes on their merits rather than by default, and concluding Tal had not been prejudiced by the Debtor's failure to timely answer the Amended Complaint since the Debtor had answered the original complaint, and had appeared and defended against Tal's claims ("Order Denying Default Judgment").[34] The Court also granted leave for the Debtor to file his answer to the Amended Complaint out of time.

On December 26, 2012, Tal filed a motion "to withdraw the reference . . . and transfer to the District Court only the . . . portion of [the] Adversary Proceeding . . . for which [he] seeks to [try] before a Jury."[35] On January 30, 2013, the Court recommended the motion be denied as untimely,[36] noting that it had previously denied Tal's jury trial demand because he had not made a timely motion to withdraw the reference. The District Court adopted the Bankruptcy Court's recommendation, concluding that Tal had failed to demonstrate the timeliness of his motion or sufficient cause to withdraw the reference.[37]

On March 5, 2013, Tal filed a motion to modify the Scheduling Order, requesting that all deadlines be extended approximately three months due to the

---

[33] (...continued)
for Default, *in* App. at 1154-55.

[34] Order Denying Default Judgment, *in* App. at 1172-75.

[35] Motion to Withdraw the Reference of the Adversary Proceeding (Limited to Jury Trial Only) at 1, *in* App. at 1076. This motion was really an attempt to circumvent the Bankruptcy Court's previous ruling striking Tal's jury trial demand because Tal indicated he had no objection to that court presiding over the jury trial.

[36] Corrected Recommendation Regarding Plaintiff's Motion to Withdraw the Reference of the Adversary Proceeding, *in* App. at 1147-49.

[37] [District Court] Order, *in* App. at 1188-91.

Debtor's delay in meeting discovery deadlines.[38]  The Debtor objected, arguing

Tal had given no explanation why he could not be ready for trial by July or how

he would be harmed by the existing scheduling order.  On April 11, the

Bankruptcy Court held a hearing on the motion.  Tal did not appear at this hearing

(he later claimed he did not receive notice of it).  Despite his nonappearance, the

Court granted the motion and moved the trial date to September 12, 2013 (a

Thursday), because it then had a scheduling conflict with the July trial date.[39]

The Court issued a revised scheduling order setting the trial for September 12,

2013.[40]

Both the Scheduling Order and the Revised Scheduling Order instructed the

parties to work together to prepare a proposed final pretrial order, and advised

them that continuances of the trial date would not be granted "except for

compelling reasons," and would not be granted within 20 days before the trial

date "in the absence of unforeseeable personal reasons."[41]

On August 13, 2013, approximately four months after the Bankruptcy Court

issued the Revised Scheduling Order, Tal filed "Plaintiff's *Unopposed* Motion to

Continue Trial Date," ("Motion to Continue the Trial"), stating he had "just

realized that the scheduled trial date falls during Jewish High Holiday's Season:

Rosh Hashana - September 4-6, 2013, and Yom Kip[p]ur:  September 13-14,

---

[38]  Plaintiff, Moshe Tal's Motion to Modify Scheduling Order, *in* App. at 1192-98.

[39]  April 11, 2013 Hearing Tr. at 3, *in* App. at 1210; Order Granting Plaintiff Moshe Tal's Motion to Modify Scheduling Order, *in* App. at 1218-19.

[40]  First Superceding Scheduling Order ("Revised Scheduling Order"), *in* App. at 1220-25.

[41]  Scheduling Order at 3, ¶ 10, and at 4, ¶ 17, *in* App. at 1057-58; Revised Scheduling Order at 3, ¶ 10, and at 4, ¶ 17, *in* App. at 1222-23.

2013."[42] The motion reported that Tal had contacted the Debtor's counsel and she expressed no objections to a continuance. Tal said nothing in the motion to suggest that his health would interfere with him appearing on the trial date or that he could not be in Oklahoma City for the trial. He did attach email correspondence he had with the Debtor's counsel in which he said that he had some health issues, that he would fast for 24 hours for Yom Kippur and spend two days in temple for that Jewish Holy Day, and that he did not think the trial could be completed in one day.[43] September 13, 2013, was a Friday.

On August 16, Tal filed: 1) a witness and exhibit list; 2) a motion for leave to file his witness and exhibit list out of time; and 3) an objection to the Debtor's designation of Collier Pate as an expert witness.[44] He advised that he filed his witness and exhibit list late due to medical issues.[45] He objected to Pate as an expert, arguing Pate was biased, had represented the Debtor in the state court case, and "was among the 'engineers' of defeating Tal's [collection efforts]."[46]

On August 20, the Bankruptcy Court denied the Motion to Continue the Trial because: 1) its docket was crowded; 2) Tal failed to timely notify it of his conflicts and to request and obtain potential trial dates in a timely manner; and 3) the trial date had been previously continued at Tal's request.[47]

On September 3, the Bankruptcy Court overruled Tal's objection to the

---

[42]    Motion to Continue the Trial at 1, ¶ 1, *in* App. at 1238.

[43]    *Id.*, Ex. A, *in* App. at 1240.

[44]    Plaintiff's Final Witnesses and Exhibits List, *in* App. at 1241-44; Plaintiff's Objection to Designation of Mr. Pate as Expert Witness, *in* App. at 1245-46.

[45]    Plaintiff's Motion for Leave to File his Witnesses and Exhibits List Nunc Pro Tunc, *in* App. at 1247-48.

[46]    Plaintiff's Objection to Designation of Mr. Pate as Expert Witness at 1, ¶ 2, *in* App. at 1245.

[47]    Order Denying Unopposed Motion to Continue Trial Date, *in* App. at 1249-51.

designation of Pate as an expert witness because Tal had cited no legal authority to support his objection, and any concerns regarding Pate's perceived bias could be alleviated by cross-examination rather than exclusion of his testimony.[48] The Court entered a separate order granting Tal leave to file his witness and exhibit list out of time.[49]

So far as the record discloses, Tal did nothing to prepare his part of a proposed final pretrial order. He did not contact opposing counsel regarding a pretrial order or submit any proposals for his part of a pretrial order. The Debtor's counsel submitted a document labeled "Defendant's Contribution to a Proposed Pretrial Order" in which she asserted she had received no communications of any type from Tal about preparing a proposed joint pretrial order.[50] Tal never disputed this assertion. Counsel estimated the trial would take from one-half day to two days, depending on Tal's case.[51] On September 5, the Bankruptcy Court adopted the Debtor's proposed pretrial order (the "Pretrial Order"), adding the following language above the judge's signature:

> In accordance with the First Superceding Scheduling Order [Doc. 53] and plaintiff[']s failure to submit a final pretrial order, plaintiff will [be] barred from presenting exhibits not specifically identified in this Order and will be barred from presenting evidence on any Section 523 claim.[52]

Tal conceded the order denying his Motion to Continue the Trial was

---

[48]  Order Overruling Plaintiff's Objection to Designation of Mr. Pate as Expert Witness ("Order Overruling Expert Designation Objection"), *in* App. at 1258-59.

[49]  Order Granting Plaintiff's Motion for Leave to File his Witness and Exhibit List, *in* App. at 1256-57.

[50]  Defendant's Contribution to a Proposed Pretrial Order at 2, *in* App. at 1262.

[51]  *Id.* at 1265.

[52]  *Id.* at 1261.

-11-

delivered to his Oklahoma home by U.S. Mail on September 4.[53]  He has not explained why he waited a week after that before he filed another pleading.

On Wednesday, September 11, Tal filed a document he called "Plaintiff's Motion for Change of Venue, or Alternatively, for Leave of Court to File Interlocutory Appeal," claiming that Judge Hall was biased against him and that he could not get a fair trial before her or before Judge Niles Jackson, the only other bankruptcy judge in the Western District of Oklahoma, because he had previously sued Judge Jackson.[54]  Tal alleged that Judge Hall was hostile towards him and held him to a stricter standard of conduct than the Debtor's counsel.  He complained that the Bankruptcy Court's refusal to continue the trial date violated his constitutional right to practice his religion because by ordering him to appear on September 12, 2013, the day before Yom Kippur, for "the estimated 3-4 days trial" would require him to disregard his religious belief and tradition.[55]  We have found nothing in the record before this motion in which Tal informed the Court that he believed the trial would take three to four days, nor do we believe that Tal could have thought the trial would proceed through the weekend of September 14 and 15.  Tal attached to the Recusal Motion a thirteen-page affidavit[56] in which he (1) explained various health problems he suffered that had led him to leave his home in Oklahoma City and travel to Texas to seek treatment there, and to return to Texas on August 18, 2013, and stay there through the scheduled September 12 trial date; (2) said that because he has diabetes, he prepares for one to two days before Yom Kippur to be able to fast for 24 hours during that Holy Day;

---

[53]  Tal's Affidavit at 12, ¶47, *in* App. at 1294.

[54]  Plaintiff's Motion for Change of Venue, or Alternatively, For Leave of Court to File Interlocutory Appeal (the "Recusal Motion"), *in* App. at 1270-1312.

[55]  *Id.* at 7, ¶ 25, *in* App. at 1276.

[56]  *Id.*, Ex. A, Tal's Affidavit, *in* App. at 1283-95.

(3) complained that various bankruptcy notices and orders had not been delivered to him in a timely manner; and (4) alleged that the Bankruptcy Court had held him to very strict standards with regard to litigation deadlines while allowing the Debtor's counsel to get away with missing many of them.[57] Tal signed this affidavit on September 9, 2013, and did not say in it that his health would prevent him from traveling to Oklahoma City for the trial.

On the day the Recusal Motion was filed, the Bankruptcy Court denied it, finding Rule 1014, which governs changes of venue, did not apply to adversary proceedings.[58] The Bankruptcy Court then construed the motion to be seeking recusal, explained that it was not ignoring or disregarding Tal's religious beliefs because it anticipated the trial would be completed well before Yom Kippur began at sundown on September 13, and denied the motion.[59] Tal has not contested the Court's understanding that Yom Kippur began at sundown on Friday, September 13, 2013, or suggested he believed the Court would proceed with the trial beyond the normal close of business on Friday, or on Saturday and Sunday, if the trial was not finished by 5:00 p.m. on Friday. The Court noted it had to balance Tal's interests and needs against the Debtor's interests in obtaining a determination whether he would receive a bankruptcy discharge.[60]

At approximately eight o'clock in the evening of September 11, 2013, Tal emailed a letter to Judge Hall stating that due to his unstable medical condition, he was not fit to travel to Oklahoma City to attend the trial, and again requested a

[57]    *Id.* at 1284-94.

[58]    Order Denying Plaintiff's Motion for Change of Venue, or Alternatively, For Leave of Court to File Interlocutory Appeal ("Order Denying Venue Change and Recusal"), *in* App. at 1313-21.

[59]    *Id.* at 2, 6, *in* App. at 1314, 1318.

[60]    *Id.* at 6-7, *in* App. at 1318-19.

-13-

continuance (the "Eleventh-Hour Motion").[61]  A doctor's letter accompanied the motion.  Tal reported the doctor believed a hematoma on his leg was infected, but the doctor's letter did not say that.  It said:  "Mr. Tal is not medically stable to travel at this time due to a large hematoma on his left leg.  Mr. Tal is advised to continue with his present medications and is still under a doctor[']s care at this time."[62]  Tal's affidavit in support of his Motion to Continue the Trial had said he hurt his shin between August 18 and August 21, but even though he signed the affidavit on September 9 and mailed it the next day, he did not suggest in the affidavit that the injury might prevent him from traveling to Oklahoma City for the September 12 trial.  Instead, his alleged inability to travel was an assertion newly raised in the email.

On the morning of the trial, September 12, 2013, Tal did not appear.  The Bankruptcy Court noted Tal's absence, advised the Debtor of Tal's Eleventh-Hour Motion, concluded there was insufficient evidence to support Tal's claim he was unable to travel to Oklahoma City, and indicated its inclination was to deny the continuance and proceed to trial that day.[63]  The Court offered, however, to do whatever the Debtor wished regarding the trial date.[64]  The Debtor inquired what the Court expected if the trial proceeded that day, and the Court indicated that it would grant judgment in the Debtor's favor on each claim for various reasons.  After conferring with counsel, the Debtor requested that the trial proceed and judgment be entered that day.[65]

---

[61]    Letter dated Sept. 11, 2013, *in* App. at 1324; Email dated 9/11/2013 7:51:26 PM, *in* App. at 1326.

[62]    Doctor's letter date Sept. 11, 2013, *in* App. at 1325.

[63]    September 12, 2013 Trial Tr. at 3-7, *in* App. at 1329-33.

[64]    *Id.* at 6-7, *in* App. at 1332-33.

[65]    *Id.* at 15, *in* App. at 1341.

The Bankruptcy Court entered judgment in the Debtor's favor on Tal's claims under §§ 523, 707(b)(3)(A), 727(a)(3), 727(a)(4), and 727(a)(5) later that day (the "Judgment").[66]  The § 523 claim was dismissed pursuant to the Pretrial Order for Tal's failure to identify which subsections he was pursuing.[67]  The § 707(b) claim was dismissed as procedurally incorrect and untimely.  Finally, because Tal presented no evidence, the Bankruptcy Court concluded that Tal had failed to satisfy his burden of proof on his claims under § 727(a)(3), (a)(4), and (a)(5).  Tal appealed the Judgment and all adverse rulings against him.[68]

## II.    Appellate Jurisdiction

Tal timely filed a notice of appeal from the Judgment, a final order, and the parties have consented to this Court's jurisdiction by not electing to have the appeal heard by the United States District Court for the Western District of Oklahoma.[69]  Thus, this Court has jurisdiction to review the Judgment and all earlier orders that merged into it.[70]  As explained below, however, we do not have jurisdiction to review one of the orders that Tal has attempted to appeal, the District Court's order denying his motion to withdraw the reference of his claims to the Bankruptcy Court.

## III.    Discussion

In his appellate brief, Tal specifies fourteen issues that his appeal

---

[66]    Judgment, *in* App. at 984-85.

[67]    Sept. 12, 2013 Trial Tr. at 15-21, *in* App. at 1341-47.

[68]    Notice of Appeal, *in* App. at 1355-56.

[69]    28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002; 10th Cir. BAP L. R. 8001-3.

[70]    *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002) (notice of appeal which names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment); *Montgomery v. City of Ardmore*, 365 F.3d 926, 934 (10th Cir. 2004) (same).

presents.[71]  In the "Arguments and Authorities" portion of his brief, however, he specifies seven propositions for review.[72]  The seventh proposition actually includes four sub-propositions which he calls "minor, but important."  We will address only the issues Tal addresses in his seven propositions, and conclude he has waived any of the fourteen issues that are not included in his "Arguments and Authorities."[73]

### A.    Tal's Proposition I:  the § 707 claims

The first matter Tal discusses in the argument portion of his brief is the Bankruptcy Court's conclusion that his claim under § 707(b)(3)(A) was untimely.  Our review of this proposition discloses that Tal suffered from two basic misunderstandings that made his claim untimely.  First, it is true that he filed a motion in which he asked the Bankruptcy Court to extend the deadline to object to the Debtor's exemptions, and to extend the deadline by which "to file objections to the Debtor's Discharge, or to Challenge the Dischargeability of Certain debts, pursuant to § 707(b) of the Bankruptcy Code."[74]  But § 707(b) concerns the dismissal of a debtor's bankruptcy petition, not the grant or denial of a discharge or the determination of the dischargeability of a particular debt.  It appears Tal did not understand this distinction.  The Bankruptcy Court entered an order giving Tal until September 17, 2012, to "file an objection to the Debtor's exemptions, an objection to the Debtor's discharge or an objection to the

---

[71]    Appellant's Corrected Brief at 1-3.

[72]    *Id.* at 26-50.

[73]    *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990) (issue listed in brief but not argued is waived).

[74]    Tal's Application to Extend the Initial Deadline Set by the Court for Filing Objections to Debtor's Exemptions and the Deadline for Objecting to Discharge, And/Or to Challenge Dischargeability of Certain Debts at 1, *in* App. at 135.

dischargeability of certain debts."[75]  This order cannot be construed to extend the time for Tal to seek the dismissal of the Debtor's petition under § 707(b).  Even if it could, Tal did not file his adversary complaint against the Debtor until October 5, 2012.

Tal did file a second motion asking the Bankruptcy Court to extend the deadlines he had identified in his first motion,[76] but he never obtained a ruling on that motion.  Tal's belief that the deadline for him to seek dismissal of the Debtor's bankruptcy petition under § 707(b) was automatically extended without a court order because the Debtor did not respond to his request for an extension of time is wrong.  Rule 1017(e)(1) provides that the deadline for seeking dismissal of a case under § 707(b) is 60 days after the first date set for the meeting of creditors "unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss."  While a debtor's failure to oppose a motion under Rule 1017(e)(1) seeking more time might make a court more inclined to grant the motion, it does not eliminate the need for the court to rule on the motion.

For these reasons, the Bankruptcy Court's ruling that Tal's claim under § 707(b) was untimely was not erroneous.  Because Tal's § 707 claim was untimely, the Bankruptcy Court did not abuse its discretion in granting judgment in the Debtor's favor on that claim.[77]

---

[75]    Order Granting Tal's Application to Extend the Initial Deadline Set by the Court for Filing Objections to Debtor's Exemptions and the Deadline for Objection to Discharge, And/Or to Challenge Dischargeability of Certain Debts at 1, *in* App. at 717.

[76]    Tal's Second Application to Extend the Deadline Set by the Court for Filing Objections to Debtor's Exemptions and for Objecting to Discharge, And/Or to Challenge Dischargeability of Certain Debts, *in* App. at 724-39.

[77]    *See Kulakowski v. Walton (In re Kulakowski)*, 735 F.3d 1296, 1298-99 (11th Cir. 2013) (A bankruptcy court's dismissal of a Chapter 7 case as abusive under § 707(b)(3)(B) is reviewed for abuse of discretion.); *Bankr. Adm'r v.*

(continued...)

## B.     Tal's Proposition II:  the § 727 claims

The second matter that Tal discusses in the argument portion of his brief is the Bankruptcy Court's conclusion that there was a lack of evidence to meet Tal's burden of proof on the § 727 claims.[78]  He argues:

> . . . the Bankruptcy Court erroneously concluded and held that there was no evidence [] presented by Tal during the entire proceedings that demonstrate any wrongdoing by [the Debtor], nor any evidence in the Record that show that [the Debtor] engaged in any fraudulent representation, concealment of assets, nor unlawful transfers, and that Tal's evidence did not even get close to the level of a "***prima facie***" showing of any wrongdoing, or violations of any of the Bankruptcy Laws and/or Rules[.]  For the purpose of brevity, Tal would not repeat the long list of false oaths, concealment of assets and/or sales thereof; unlawful transfer of funds and assets, and like, and incorporate by reference every specific Fact, and evidence in support thereof, that has been asserted by Tal in the ***Statement of Facts*** above.[79]

This argument shows Tal is under the mistaken belief that his assertions and materials he submitted in support of his complaint and motions count as evidence to prove his claims.  Generally, courts will only consider evidence properly admitted at a trial, pursuant to the Federal Rules of Evidence, in reaching a decision about matters tried before them.[80]  The only evidence that was admitted during the trial was the Debtor's exhibits.  From them and perhaps admissions from prior proceedings and pleadings, the Bankruptcy Court concluded Tal failed to meet his burden of proof on each of his § 727 claims.

---

[77]     (...continued)
*Gregory*, 471 B.R. 823 (E.D. N.C. 2012) (finding bankruptcy court did not abuse its discretion in declining to dismiss a Chapter 7 case under § 707(b)(3)).

[78]     Because the Bankruptcy Court had already ruled against Tal on the §§ 523 and 707 claims on procedural grounds, only the claims under § 727(a)(3), (4), and (5) remained for trial.

[79]     Appellant's Corrected Brief at 28.

[80]     *See, e.g., McCormick on Evidence*, § 1 (Kenneth S. Broun, gen'l editor, 7th ed., database updated Mar. 2013) ("The law of evidence is the system of rules and standards regulating the admission of testimony and exhibits at the trial of a lawsuit.").

Because Tal has failed to supply us with copies of the Debtor's exhibits, we cannot review the Bankruptcy Court's findings that are based on that evidence.[81] Moreover, because Tal did not appear at the trial, we cannot conclude that the Bankruptcy Court's conclusion regarding the sufficiency of the evidence was clearly erroneous.[82]

## C.     Tal's Proposition III:  Bias

The third matter that Tal discusses in the argument portion of his brief is his assertion that the Bankruptcy Court demonstrated clear bias and prejudice toward him, or at least treated him so unequally and unfairly that an appearance of partiality was present.  As an example of this alleged problem, Tal points out that the Bankruptcy Court gave the Debtor leave to file his answer to Tal's Amended Complaint more than 40 days after the due date, but refused to grant Tal's request for a one-week continuance of the September 12, 2013 trial date after he admitted he made an error in failing to realize until August 9 that the first day of the trial fell during the holiest Jewish holiday, and despite the fact the Debtor's counsel consented to a continuance.  Rather than showing the Bankruptcy Court's bias and prejudice against Tal, this example demonstrates that Tal has a skewed understanding of what is required for pretrial procedures to be fair.  There is no requirement for a trial court to maintain some sort of balance in

---

[81]     *See* Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); *Travelers Indemnity Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1120-21 (10th Cir. 2003) (litigant's failure to include in the appendix the documents that control the resolution of the issue on appeal deprives him of the right to challenge the judgment of the lower court); *In re Rambo*, 209 B.R. 527, 530 (10th Cir. BAP 1997), *aff'd*, 132 F.3d 43 (10th Cir. 1997) (appellant bears the burden of providing the appellate court with an adequate record for review).

[82]     We review a court's assessment of the sufficiency of the evidence under a clearly erroneous standard.  *United States v. Morgan*, 936 F.2d 1561, 1573 (10th Cir. 1991).

granting extensions of time and continuances to the parties.  Furthermore, a request for an extension of time to file an answer to an amended complaint that added no new claims to the original complaint the party had already answered has absolutely no relationship to a request to continue a scheduled trial date.  Although Tal seems to believe the continuance had to be granted because the Debtor consented to it, the Bankruptcy Court's local rule gave Tal notice that the Court might deny a request for a continuance even if all the parties to the matter or proceeding consented to it.

We note that the Bankruptcy Court excused or overlooked various procedural defaults Tal committed before he failed to appear for the trial that might have justified granting a judgment against him.  The Bankruptcy Court allowed Tal to file his witness and exhibit list eleven days after it was due.  Most egregiously, Tal made no effort to propose his part of a final pretrial order despite two scheduling orders directing him to do so, yet the Bankruptcy Court allowed the case to proceed to trial rather than dismissing Tal's complaint for failure to prosecute his claims, as it could have.  A pretrial order controls the subsequent course of the lawsuit unless the court modifies it, and a final pretrial order may be modified only to prevent manifest injustice.[83]  The Bankruptcy Judge committed no error by rejecting Tal's suggestions she should recuse herself from presiding over the adversary proceeding.

### D.  Tal's Proposition IV:  motion for sanctions

The fourth matter that Tal discusses in the argument portion of his brief is the Bankruptcy Court's treatment of his motion for sanctions based on his view the Debtor failed to provide discovery as directed by an order entered on August 1, 2012.  In support, he refers us to materials he filed in his state court lawsuit

---

[83] *See* Fed. R. Civ. P. 16(d) and (e), made applicable to adversary proceedings by Fed. R. Bankr. P. 7016.

against the Debtor.  He ignores the fact that when the Bankruptcy Court held a hearing on his motion for sanctions and advised him it believed the motion to be premature, he withdrew the motion.  The Bankruptcy Court did not rule on the motion except to declare it to be moot because it had been withdrawn.  Even if the Bankruptcy Court's treatment of the motion could in some way be viewed as erroneous, Tal's withdrawal of the motion invited the ruling, and he cannot complain of the ruling on appeal.[84]

### E.    Tal's Proposition V:  the § 523 claims

The fifth matter that Tal discusses in the argument portion of his brief is the Bankruptcy Court's failure to apply collateral estoppel to except his state court judgment from the Debtor's bankruptcy discharge under § 523(a)(2)(A) and (B).  Because Tal never raised collateral estoppel to the Bankruptcy Court, we will not consider its possible applicability to his claim.[85]

Tal's § 523 claim was dismissed due to his failure to identify the particular subsections he was pursuing as specifically ordered by the Bankruptcy Court.[86] Tal's assertion at page 36 of his opening brief is the first time in this litigation that he has specified any subsection of § 523 that he contends applies to his claim.  Although Tal's Amended Complaint makes liberal use of accusations of fraud, it does not tie them to the creation of the Debtor's debt to Tal and does not tie them to any specific provision of § 523.  We note that the word "fraud" appears in § 523(a)(2)(A) and (B), § 523(a)(4), § 523(a)(11), and

---

[84]    *United States v. Edward J.*, 224 F.3d 1216, 1222 (10th Cir. 2000) ("The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error.") (internal quotation marks omitted).

[85]    *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) (general rule is that appeals courts do not consider issues not passed upon below ); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (same).

[86]    Nov. 7, 2012 Motion for Sanctions Hearing Tr. at 43, *in* App. at 875.

§ 523(a)(19)(A)(ii). Tal was obliged to include in his complaint allegations of fact that were sufficient to give the Debtor fair notice of the grounds that Tal claimed brought the debt within one of the provisions of § 523(a) that could except the debt from discharge.[87] Accordingly, the Bankruptcy Court did not abuse its discretion in dismissing the § 523 claim.[88]

### F.	Tal's Proposition VI:  expert witness designation

The sixth matter that Tal discusses in the argument portion of his brief is the Bankruptcy Court's decision overruling his objection to the designation of Collier Pate as an expert witness.  Pate did not testify at the trial, so this decision could not constitute a reversible error.  In any event, we agree with the Bankruptcy Court that Tal's concerns about Pate's alleged bias against Tal could be addressed through cross-examination, and did not affect whether he was qualified under Federal Rule of Evidence 702 to testify as a expert.

### G.	Tal's Proposition VII:  minor, but important issues

The seventh matter Tal discusses in the argument portion of his brief is actually four matters which he calls "'minor,' but important."  We will consider them in the order he presented them.

#### 1.	The Bankruptcy Clerk's failure to issue notice of default.

The Debtor failed to file an answer to Tal's Amended Complaint within the time fixed by Rule 7012(a).  On January 10, 2013, Tal filed a request for the Bankruptcy Clerk to enter an order of default pursuant to Rule 55(a), his affidavit in support of default, and his motion for the Bankruptcy Court to enter a default judgment pursuant to Rule 55(b)(2).  Rule 55(a) provides:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

---

[87]	Fed. R. Civ. P. 8(a); Fed. R. Bankr. P. 7008(a).

[88]	*Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules.").

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Advisory Committee Notes to the 2007 Amendments to the rule explain that the clerk is not to enter a default when a party has done something showing an intent to defend against the claim for relief. A leading treatise states: "A default may be entered by the clerk only with regard to a claim for affirmative relief against a party who has failed to plead or otherwise defend."[89] Because the Debtor had filed an answer to Tal's original complaint and had taken other actions in the proceeding that clearly showed his intent to defend the action, the Clerk was correct not to enter his default.

### 2. The denial of Tal's motion to strike or modify the Rule 2004 Order.

Tal complains about the Bankruptcy Court's refusal to strike or modify an order that granted his motion for an examination pursuant to Rule 2004 and discovery because, he contends, the Debtor's attorney improperly included the words "to the extent possible" in the order. The Bankruptcy Court denied Tal's motion because Tal had signed the order to show he consented to its entry and he had failed to state any grounds that persuaded the Court to vacate or modify the order. We conclude that Tal's argument here is covered by the invited-error doctrine, and will not reverse the Bankruptcy Court's denial of this motion.

### 3. The denial of the trial continuance.

On this point, Tal actually complains about two different Bankruptcy Court orders, one entered on August 20, 2013, that denied his unopposed motion to continue the trial, and another entered on September 11, 2013, that denied what he called a "Motion for Change of Venue, or Alternatively, for Leave of Court to File an Interlocutory Appeal," which the Bankruptcy Court treated as a motion for recusal. We consider the most important effect of the September 11 order to be

---

[89] 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure: Civil* § 2682 (3d ed. 1998).

its denial of Tal's efforts to continue the trial, and will discuss both orders in that light.

Tal's motion to continue the trial was filed on August 13, 2013, one month before the scheduled trial date. It is clear to us that Tal assumed the Bankruptcy Court would grant the motion because the Debtor's counsel had consented to it. Perhaps for that reason, he gave little explanation for his request. He said he had just realized the schedule trial date "falls during Jewish High Holiday's Season: Rosh Hashana - September 4-6, 2013, and Yom Kip[p]ur: September 13-14, 2013," and he had contacted the Debtor's counsel who expressed no objections to a continuance, and suggested the Bankruptcy Court should give them three new trial days to choose from so they could coordinate with their witnesses. The motion said nothing about his health or how he intended to observe Yom Kippur. He did attach a copy of email correspondence he had with the Debtor's counsel in which he mentioned various health problems he had been having, and said that he didn't think the trial could finish in one day, and that for Yom Kippur, he would fast for 24 hours and "spend both day[s] in Temple" (apparently meaning from sundown on September 13 through sundown or some other time on September 14). The Bankruptcy Court denied the motion because of (1) its crowded docket, (2) Tal's failure to timely notify it of his conflicts, (3) Tal's failure to timely seek and obtain potential continued trial dates, and (4) a previous trial continuance having been granted at Tal's request.

Courts have broad discretion on matters of continuances.[90] An order denying a continuance is reviewed for an abuse of discretion.[91] A trial judge's decision to deny a motion for a continuance constitutes an abuse of discretion

---

[90] *Phillips v. Ferguson*, 182 F.3d 769, 775 (10th Cir. 1999).

[91] *Reed v. Bennett*, 312 F.3d 1190, 1193 n.1 (10th Cir. 2002) (order denying motion to continue trial is reviewed for abuse of discretion).

only if the denial was arbitrary or unreasonable and materially prejudiced the movant.[92]  Courts generally consider four factors to determine whether a denial of a continuance is arbitrary or unreasonable:  (1) the diligence of the party requesting the continuance; (2) the likelihood the continuance would accomplish the stated purpose; (3) the inconvenience to the opposing party and the court; and (4) the need asserted for the continuance and the harm that appellant might suffer as a result of the denial of the continuance.[93]  "No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others."[94]

We cannot say the Bankruptcy Court abused its discretion in denying Tal's Motion to Continue the Trial based on the information available to it at the time. The Bankruptcy Court investigated and learned that Yom Kippur did not start until sundown on Friday, September 13, 2013, which gave two full work days for the trial to be completed before the holiday would begin.  The Bankruptcy Court correctly noted that Tal had allowed four months to pass after the trial date was set before he advised the Court about the conflict he perceived between the trial and his observation of the holiday.  Tal has not questioned the Bankruptcy Court's assertion that he failed to contact it to seek and obtain potential new dates for the trial.

Tal concedes the August 20 order denying the continuance was delivered to his Oklahoma City home on September 4, 2013, and has not explained why he took no further action about the matter until September 10, when he mailed his motion for a change of venue or leave to file an interlocutory appeal (the

---

[92]     *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147 (10th Cir. 2007).

[93]     *West*, 828 F.2d at 1470.

[94]     *Id.*

"Recusal Motion"). The bulk of this motion consisted of Tal's complaints about how the Bankruptcy Judge had treated him throughout the proceeding. He also complained about delays in the delivery of various notices and orders to him in the course of the proceeding. Unlike his motion to continue the trial, this motion did contain descriptions of Tal's health problems, and reasons he had traveled to Texas for medical treatment. For the first time, Tal stated his belief the trial would take three to four days. Tal did not allege in the motion that the Bankruptcy Court was wrong when it said that Yom Kippur would not start until sundown on Friday, September 13. Tal attached to this motion an affidavit in which he provided more details about his health and medical treatment in Texas. On page 4 of the affidavit, he indicated for the first time that he has diabetes and therefore had to begin preparing for his 24-hour Yom Kippur fast a day or two before the start of Yom Kippur. He expressed his belief that the Bankruptcy Court's order denying the continuance had forced him to choose between breaking his religious belief and practice, and not appearing for the trial.

Tal's subsequent Eleventh-Hour Motion raised only one new point: the claim that a hematoma on his leg prevented him from traveling to Oklahoma City for the trial. Tal's affidavit in support of the Recusal Motion made clear that he had already decided at least two days earlier not to travel for the trial, so this motion added very little to his prior efforts to get the trial postponed.

Although Tal called this a minor issue, we find this question to be by far the most troubling. If Tal had included in his August 13 Motion to Continue the Trial a complete description of his health problems and medical treatment, and of his practices in observing Yom Kippur, we think the chances are very good that the Bankruptcy Court would have granted the motion. But instead, he waited until the day before the trial date and buried most of his possibly valid reasons for seeking a continuance within a litany of complaints about the Bankruptcy Judge's actions. Tal's shifting grounds for continuing the trial — first based on religion

-26-

alone, then on bias, and finally on his health — undermined any persuasive value they might have otherwise had. Under these circumstances, we once again cannot say the Bankruptcy Court abused its discretion by refusing to continue the trial based on the Recusal Motion. Tal raised no valid grounds for the Judge to recuse herself, but based his complaints on his own view of how bankruptcy litigation is supposed to proceed. Tal's failure to make any effort to produce his part of a proposed final pretrial order that would govern the conduct of the trial, and his decision to stay in Texas for medical tests and treatment that do not appear to have been urgent, rather than to return to Oklahoma City for the trial that would have been the culmination of the litigation he had pursued in bankruptcy for more than a year make clear that he did not understand bankruptcy litigation at all. Unfortunately, most people who choose to pursue bankruptcy litigation without an attorney's help wind up hurting their interests and failing to present their position in the best possible light, just as Tal did. That does not mean the Bankruptcy Court committed reversible error by saddling Tal with the consequences of his litigation mistakes.

### 4. The District Court's denial of Tal's motion to withdraw the reference.

We lack jurisdiction to review the District Court's order denying Tal's motion to withdraw the reference to the Bankruptcy Court. Federal Rule of Appellate Procedure 4 provides that the proper place to file a notice of appeal of a district court order is in the district court.[95] Accordingly, we cannot consider Tal's arguments regarding the bankruptcy reference in this appeal.

### H. The Debtor's Motion for Sanctions

The Debtor has filed a motion seeking sanctions against Tal for filing a

---

[95] Fed. R. App. P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").

frivolous appeal pursuant to § 707(b)(5)A) and Rule 9011.[96]  Tal argues that § 707(b)(5)(A) and Rule 9011 are not the proper method for seeking sanctions for a frivolous appeal.  Tal asks us to strike or deny the motion and issue an order to show cause why the Debtor should not be sanctioned for filing a frivolous motion for sanctions.

Federal Rule of Appellate Procedure 38 and Rule 8020 authorize this Court to award sanctions for filing a frivolous appeal.  The Tenth Circuit defines a frivolous appeal as one where the result is obvious, or where appellant's arguments are wholly without merit.[97]  The Tenth Circuit observes that "'[f]rivolity, like obscenity, is often difficult to define.'"[98]  Even though we have rejected Tal's arguments on appeal, we cannot say that the appeal is frivolous or that Tal litigated it in a frivolous manner.  Accordingly, we deny the Debtor's Motion for Sanctions.[99]  Likewise, we cannot say the Debtor's Motion for Sanctions was frivolous and thus deny Tal's request for sanctions for the filing of that motion.

## IV.    Conclusion

It is clear that Tal believes the Bankruptcy Court treated him unfairly, but based on the record before us, we conclude the Bankruptcy Court properly gave him a full and fair opportunity to pursue his claims against the Debtor.  Tal's own ill-advised decisions ensured that his claims would fail.  For the reasons stated

---

[96]    This motion is really a belated attempt to appeal the Bankruptcy Court's Order Denying Motion to Attorney Fees [and] Bill of Costs entered on December 11, 2013, and the order denying reconsideration of the same entered on March 5, 2014.  The time to appeal those orders have expired and it is too late now.

[97]    *Ford v. Pryor*, 552 F.3d 1174, 1180 (10th Cir. 2008); *Wheeler v. Comm'r*, 528 F.3d 773, 782 (10th Cir. 2008).

[98]    *Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987) (quoting *WSM, Inc. v. Tenn. Sales Co.*, 709 F.2d 1084, 1088 (6th Cir. 1983)).

[99]    Our decision renders Tal's procedural argument and his request to strike the Debtor's Motion for Sanctions moot.

above, this Court concludes that the Bankruptcy Court rulings that Tal has questioned in this appeal must be affirmed. The Bankruptcy Court properly dismissed Tal's claims under §§ 523 and 707, and did not abuse its discretion in denying Tal's repeated requests to continue the trial. Tal has directed this Court to no facts in the trial record that would suggest the Bankruptcy Court's § 727 findings in the Debtor's favor were clearly erroneous. We AFFIRM the Bankruptcy Court's Judgment.